Battle, J.
 

 It is settled, both upon reason and authority, that the statute which gives an attachment must be construed strictly.
 
 State Bank
 
 v.
 
 Hinton,
 
 1 Dev., 397;
 
 Leak
 
 v.
 
 Moorman, ante,
 
 p. 168. Still it is not to be abated for mere want of form, if the essential matters expressed in the prescribed form are set forth; see the last clause of the 4th section of the 7th chapter of the Revised Code. The objection urged against the precept of the attachment in the present case is, “ that it is directed to any constable or other lawful officer to execute and return within thirty days from the date hereof, (Sundays excepted).” From this it would appear that it was a case within the jurisdiction of a single
 
 *290
 
 magistrate, while the body of the precept shows that it was within the jurisdiction of the Superior Court. The precept, however, purports to have been, and was issued by the Clerk of the Superior Court, and was made returnable to the proper term of that court. It appears further from the proceedings, that the writ was issued to the sheriff of the county, and was, in fact, duly executed by him. This cures-the informality of the direction to the “ Constable,” as well as to any “ other lawful officerand it is clear that the certain direction as to its return contained in the body of the precept supersedes that inserted in the caption.
 

 In this view of the subject, the cases cited by the defendant’s counsel to show that attachments issued by justices of the peace and not returnable at a certain day, or within thirty days, are void, have no application.
 

 Another objection has been made, which is, that the cause was discontinued, for the reason that no court was held at the return term of the writ, nor at the next succeeding term.
 

 To this, it is replied by the plaintiff that the discontinuance, if any, was prevented by the defendant’s having appeared and replevied the property attached. The defendant rejoins that his motion to dismiss the proceedings was made before he had replevied, and, that as the court would not entertain his motion until he had done so, he ought to have the benefit 'of it, as of the time when it was first made. We cannot give the effect to his rejoinder, for which the defendant contends. When his motion to dismiss was refused, he ought to have appealed, if he had the right to do so, or, if he had no such right of appeal, and his motion ought to have been sustained, he might have treated the proceedings as a nullity, and brought an action at law to recover the personal property attached, or its value, and have refused to surrender the possession of the real estate. As he did not choose to avail himself of either of those remedies, which would have been well founded upon the
 
 *291
 
 supposition that the suit was discontinued, he must be held to have waived the objection, by coming forward and replevying the property attached. By doing so he virtually admitted that the cause was still in court, and that he was there ready to defend himself against it. This view of the case makes it unnecessary for us to decide whether the cause was not continued from term to term of the Superior Court until the attendance of a Judge to hold the Court, by virtue of the provision in the Revised Code, c. 31, s. 24. It certainly was continued for one term, and there are no restrictive words expressly confining the continuance to one term only.
 

 The order for dismissing the proceedings must be reversed, and the cause remanded for further proceedings in the Court below.
 

 Per Curiam. Judgment reversed.