MARTHA L. SHULER *v.* JOHN A. MILLSAPS', Executor.

The husband of a plaintiff, in an action for a breach of promise of marriage, married since such action commenced, is not a necessary party thereto. Nor does such action abate on account of the death of the defendant.

This was a CIVIL ACTION for a breach of promise of marriage commenced in Jackson county, and carried thence to the Superior Court of SWAIN county, where it was tried before *Cannon, J.,* at Spring Term, 1874.

The facts are stated in the opinion of the Court.

His Honor, on the trial below, held that the suit had abated and gave judgment accordingly. From this judgment plaintiff appealed.

No counsel for appellant in this Court.
*Battle & Son,* contra.

SETTLE, J. The plaintiff, whose maiden name was Martha L. Cathey, brought this action against John A. Millsaps, the defendant's testator, to recover damages for the breach of a marriage contract. Since the cause was put to issue, the plaintiff intermarried with one James Shuler, who has not been made a party to this action.

And the defendant Millsaps having died since the cause was at issue, his executor, the present defendant, was made a party in his stead.

The defendant then moved the Court to dimiss the action for that the same had abated; "1st, because of the intermarriage of the plaintiff with James Shuler; and 2d, because John A. Millsaps was dead."

His Honor held that the action had abated and the plaintiff appealed.

The learned counsel, who argued the case for the defendant in this Court, contends that the husband of the plaintiff is a

necessary party, and that he should have been brought in by an amendment. Is this so?

The Constitution of 1868 and the laws made in pursuance thereof, have so changed pre-existing laws on the subject of the estates of females, and the remedies effecting the same, that neither the elementary books nor our own reports afford us much light in determining the questions presented by the record.

We are called upon to make a new departue, leaving old ideas behind, and adapting ourselves to the new order of things.

The Constitution, Art. 10, sec. 6, ordains that, " The real and personal property of any female in this State, acquired be-fore marriage, and all property, real and personal, to which she may, after marriage, become in any manner entitled shall be and remain the sole and separate estate and property of such female," &c.

A chose in action is a right to receive or recover a debt, or money, or damages, for breach of contract, or for a tort connected with contract, but which cannot be enforced without action. 1 Chit. Pract., 99.

Whatever right the plaintiff had to recover damages for the alleged breach of contract, remains a part of her sole and separate estate; and it is expressly provided that when the action concerns the separate property of the wife she may sue *alone.*

Indeed she may sue her husband, or be sued by him *alone*; and in no case need she prosecute or defend by a guardian or next friend. Bat. Rev., chap. 17, sec. 56. It is further provided by sec. 65, of same act, that " no action shall abate by the death, marriage or other disability of a party, or by the transfer of any interest therein, if the cause of action survive or continue. In case of death, except in suits for penalties, and for damages merely vindictive, marriage or other disability of a party, the Court on motion at any time within one year thereafter, or afterwards on a supplemental complaint, may al-

low the action to be continued by, or against his representative or successor in interest," &c.

And again it is enacted that " upon the death of any person all demands whatsoever and rights to prosecute and defend any action or special proceeding existing in favor or against such person, except as hereinafter provided, shall survive to and against the executor, administrator or collector of his estate." Bat. Rev., chap. 45, sec. 113.

And the exceptions made in sec. 114, are causes of action for libel, slander, false imprisonment, &c., none of which embrace the action under consideration.

Let it be certified that there is error, to the end that the Superior Court may proceed according to law.

PER CURIAM.                    Judgment reversed.