STATE *ex rel.* WM. B. HARRIS *v.* ROBERT C. HARRIS and others.

In the case of a guardian bond the statute of limitations begins to run from the time of the ward's coming of age, and not from the time of demand.

Residing beyond the limits of the State is not being "beyond the seas," and does not prevent the running of the statute.

(*Johnson* v. *Taylor*, 1 Hawks, 272; *Earle* v. *Dickson*, 1 Dev. 16; *Whitlock* v. *Watson*, 2 Murph. 115 cited and approved.)

CIVIL ACTION on a guardian bond, tried before *Logan, J.,* at the Fall Term, 1873, of CABARRUS Superior Court.

The defendants pleaded the statute of limitations, and the facts necessary to an understanding of the points decided are fully stated in the opinion of the Court.

On the trial below, the jury returned a verdict for the plaintiff, and his Honor being of opinion that the statute did not bar, gave judgment accordingly.   Defendants appealed.

*McCorkle & Bailey* and *Barringer,* for appellants.
*Wilson & Son,* contra.

BYNUM, J.   Among other defences to the action, the sureties on the guardian bond plead the statute of limitations in bar of the action against them.   The cause of action in this

case having accrued prior to C. C. P., the pre-existing statute applies, and is in the following words, viz: "Any orphan or ward, coming to full age and not calling on his guardian within three years thereafter, for a full settlement of his guardianship shall be forever barred, as to the sureties on the bond of the guardian from all recovery thereon." Rev. Code, ch. 65, sec. 4.

It is contended by the plaintiff, 1st, that this statute begins to run, not from the majority of the ward, but from the time of demand made; and 2d, if this is not so, yet that the time is not to be counted while the plaintiff resided beyond the limits of the State, but within the United States, because in law the the absence was "beyond seas," and within the exception of the statute.

1. This is a remedial statute beyond doubt, and the rule is to construe it largely and beneficially, so as to suppress the mischief and advance the remedy; and if two constructions can be put upon the act, that one is to be adopted which is most beneficial to the parties. Darwin, 654. Sedgewick on Stat. and Const. Law, 361.

The defendants contend that the statute began to run from the time the ward became of age and not from the time of demand; and this is the true construction, according to the rule just announced, as being most beneficial to the sureties. Accordingly we find that this construction has been given to the act by our Court in the case of *Johnson* v. *Taylor*, 1 Hawks, 272. The Court there say, "that it is incumbent on the infant, after arriving at full age, not only to call on the guardian for a full settlement, but to have a final adjustment of all accounts, matters and things within three years, and either sue for any balance that may be due him, or notify the securities to the guardian bond of the true situation in which they stand to the guardian." The intent of the Legislature would not be effectuated if the injunction upon the creditor to call for a full settlement meant a *mere* call, and nothing more, for if that were the case, such a call and a total disregard of it by the guardian within three years after the infants arrived at full age, would

leave the sureties in the same situation in which they were before the passage of the act.

2. Residing beyond the limits of the State is not being " beyond the seas," and does not prevent the running of the statute. It is true the Supreme Court of the United States has construed the words " beyond seas " in a State statute of limitations to mean *out of the State. Murray* v. *Baker*, 3 Wheat., 541; 11 Wheat., 361, and some of the States have adopted the same construction, but we have in North Carolina decided otherwise. *Earle* v. *Dickson, et. al.,* 1 Dev., 16, and *Whitlock* v. *Watson,* 2 Murph., 115, where it is held that " a residence in another State is not a residence beyond seas, within the saving of the act of limitations.

As the statute began to run the 3rd October, 1858, when the ward became of age, and the action was commenced the 28th April, 1871, after eliminating the time of its suspension from 20th May, 1861, to the 1st January, 1870, more than three years had elapsed, and the action was therefore barred as to the sureties, and the Judge erred in holding the contrary.

It is unnecessary to examine the other points made by the defendants, as they get the benefit of another trial.

PER CURIAM.                                        *Venire de novo.*