STATE on the relation of PETER LIPPARD and wife *v.* HENRY TROUTMAN, Guardian, and others.

The Act of 1866–'67, chap. 18, sec. 1, relates only to debts and causes of action arising out of new matter, and transactions subsequent to the 7th day of May, 1865, and was not intended to embrace old debts or transactions occurring before that date, out of which causes of action might arise after that date. Therefore, where in an action on a guardian bond, the plaintiff, a *feme covert,* became of full age in 1866, married in 1869, and instituted the action in 1874: *Held,* that the statute of limitations did not bar the right of action.

The provision of the C. C. P., allowing a *feme covert* to sue or be sued concerning her separate property does not remove the disability of coverture, so as to allow the statute of limitations to bar a *feme covert's* right of action.

The right of suing alone is a privilege which may be used for the advantage of a *feme covert,* but a failure to exercise this privilege, cannot operate to her prejudice.

(*Johnson* v. *Winslow,* 63 N. C. Rep, 552; *Plott* v. *Western N. C. Railroad Company,* 65 N. C. Rep. 74; *Harris* v. *Harris,* 71 N. C. Rep. 174; *Shaler* v. *Millsapps,* 71 N. C. Rep. 297, cited and approved.)

CIVIL ACTION on a guardian bond, tried at Fall Term, 1874, of the Superior Court of IREDELL county, before his Honor *Judge Mitchell.*

The facts as agreed by counsel, are substantially as follows :

The defendant, Troutman became guardian for the *feme* plaintiff in 1853, entering into bond in the sum of $500, with one Kyles, and Alexander as sureties. Alexander is dead, and the defendant, Stephenson, is his administrator. A *nol. pros.* was entered as to Troutman and Kyles, they being notoriously insolvent, the action standing against Stephenson, the administrator, alone.

It was in evidence, from a report of a Commissioner, that Troutman had in his house property or money of his ward, or ought to have, of greater value than the amount of his bond. The defendant, Stephenson, relied upon the statute of limita-

tions in favor of sureties.   The evidence was that the *feme*
plaintiff became of age on the 21st of March, 1866; that she
married the other plaintiff in 1869, and  that this action was
instituted in January, 1874.

The defendant's counsel asked his Honor to charge the jury
that the plaintiffs were not entitled to recover in this action,
being barred by the statute in favor of sureties; and at all
events, that the husband was so bound.

His Honor thought otherwise, and so charged, that neither
the *feme* plaintiff nor her husband was barred from a recovery
on account of the statute of limitations.   To this the defend-
ant excepted.

There was a verdict and judgment for the plaintiffs; from
which the defendant appealed.

*Scott & Caldwell,* for appellant.
*Furches,* contra.

SETTLE, J.   This is an action upon a guardian's bond, exe-
cuted in 1853; and the defence is the statute of limitations in
favor of sureties.   The *feme* plaintiff became of full age on
the 1st of March, 1866, was married in 1869, and with her
husband commenced this action in 1874.

It is admitted that the statute of limitations was suspended
by a series of acts, from the 11th day of May, 1861, until the
1st day of January, 1870.   *Johnson* v. *Winslow,* 63 N. C.
Rep., 552; *Plott* v. *Western N. C. Railroad Company,* 65
N. C. Rep. 74. · But the defendant says the act of 1866–'67,
chap. 18, sec. 1, so explained and qualified the act of 1866–'67,
chap. 17, sec. 8, as to open the Courts to plaintiff, since the 1st
day of May, 1865, and cause the statute to run and bar this
action.

But it is evident that the act relied upon for this purpose,
relates only to debts and causes of action arising out of new
matters and transactions subsequent to the 1st day of May,
1865, and was not intended to embrace old debts or transac-

tions occurring before that date, out of which causes of action might arise after that date. It certainly was not intended to embrace an old transaction like this, where the bond was executed in 1858. While stay laws were passed on the one hand for the benefit of debtors, the statute of limitations was suspended on the other, to save the rights of creditors. The defendants' counsel cited the Court to *Harris* v. *Harris*, 71 N. C. Rep., 174, but that case will be found, upon examination, to support the position here taken; for in that case the statute begun to run in 1858, and the full time, from the 20th of May, 1861, to the 1st of January; 1870, was eliminated from the calculation of time.

But it is further contended, that as this suit was not brought within three years after the 1st of January, 1870, the plaintiff is still barred, and the counsel cited *Shaler* v. *Millsaps*, 71 N. C. Rep. 297, to show that when the action concerns the separate property of the wife, she *may* sue alone, and he therefore argues that in such cases, coverture is not now a disability. The general rule is, where a married woman is a party, her husband must be joined with her. But the statute makes certain exceptions in favor of the wife, one of which is, she may sue alone, when the action concerns her separate property. Bat. Rev., chap. 17, sec. 56. This seems to be a privilege given to married women which *may* be used for their advantage, but a failure to exercise it is not to operate to their prejudice. For in addition to the general rule above stated, coverture is recognized and treated as a disability in sections 27, 42 and 64 of Bat. Rev., chapter 17. Then as the *feme* plaintiff did not become of age until 1866, the suspension of the statute of limitations saved her rights until the 1st of January, 1870. But before that time, to-wit, in 1869, she went under the disability of coverture; and sec. 28 of chapter 17, Bat. Rev. enacts " When two or more disabilities shall co-exist, or when one disability shall supervene an existing one, the period prescribed within which an action may be brought, shall not begin to run until the termination of the latest disability.

His Honor in the Superior Court held that the plaintiffs were not barred, and in this opinion we concur.

Let this be certified, &c.

PER CURIAM.                                        Judgment affirmed.