STATE to the use of the BOARD OF EDUCATION *v.* ALBERT C. MOODY, and others.

The Superior Courts have authority, under chap. 33, sec. 83 of Battle's Revisal, to lessen or remit forfeited recognizances, upon the petition of the party aggrieved, either before or after final judgment. The decision is a matter of judicial discretion which this court cannot review, except upon alleged error in law or legal inference.

The evidence upon which the finding of the court below is based, is not subject to review. This court can only consider the facts found.

(*State* v. *Moody,* 69 N. C. Rep. 529, cited and approved.)

CERTIORARI, upon a judgment rendered at Spring Term, 1875, of the Superior Court of ROBESON county, his Honor Judge *Kerr,* presiding.

The defendants, A. C. Moody, W. C. Troy and W. J. Brown, had entered into a recognizance for the personal appearance of A. C. Moody at Fall Term, 1871, of the Superior

Court of Robeson county, to answer an indictment which might then be found against him..

A *scire facias*, reciting that A. C. Moody had failed to make his appearance at that term of the court, was issued returnable to Spring Term, 1872, summoning the defendants to appear and show cause why judgment absolute should not be entered upon the forfeited recognizance. The case was continued from term to term until Spring Term, 1875, when judgment absolute was rendered against the defendants. At that term a petition was filed by the defendants alleging that A. C. Moody did make his personal appearance in accordance with the provisions of the recognizance, and that he had been sent before the grand jury as a witness against another party charged with the same offence alleged against himself, and that Moody and his co-defendants had been informed by the Solicitor that he was discharged. Subsequently Moody, together with one John Brown, was indicted. Moody, after having been discharged, as alleged in the petition, did not appear to answer this indictment. The cause coming on to be heard upon the petition, his Honor found the facts as alleged, and thereupon in accordance with the prayers of the petioners, the court rendered judgment, remitting the forfeiture of the defendants to one penny and costs.

All other facts pertinent to the case as decided, are stated in the opinion of the court.

From this judgment the plaintiff craved an appeal to the Supreme Court, which was refused.

The case was brought to this court upon a writ of *certiorari*, granted at June Term, 1875.

*Attorney General Hargrove,* for the appellant.
*Wright & Steadman,* contra.

READE, J. The statute is so broad that there can be no doubt that the Judges of the Superior Courts have the power

to remit or lessen forfeited recognizances, either before of after final judgment, upon the petition of the party aggrieved. Bat. Rev., chap. 33, secs. 83, 84, 85. And this is a matter of judicial discretion in the Judges below, which we cannot review, except for some error in a matter of law or legal inference.

Admitting that to be so, still it is insisted that his Honor had no power to grant the relief sought in this case, because it was *res adjudicata*. That at a prior term of the court the defendant had made the same application, when another Judge was presiding, and that it was refused.

If this alleged fact had appeared to his Honor, it would have been indecent, if not beyond his power, to reverse what his predecessor had done. But there is nothing in the case sent us to show that this fact did appear to him. His Honor found and stated, as it was proper that he should have done, the facts upon which his judgment was based, and no such fact is stated by him. Nor was there any exception taken to his statement of the facts; but simply an appeal from his judgment. It is true the case shows, that there was *evidence* before his Honor tending to show the fact; but we have to look at the *facts found*, and not at the evidence. If the fact existed, it existed of record, and the record ought to have been produced before his Honor; and it ought not to have been made to bepend upon parol testimony, which his Honor had a right to disregard.

Our attention was called to the case, as reported in 69 N. C. Rep., 529, *State* v. *Moody*, where the State moved for execution against the defendant, Moody, upon the forfeited recognizance, and the defendant relied upon the facts now set forth as a *plea in bar*. The Judge then presiding, *held* that it was not a good plea in bar; and upon appeal, this court sustained him. And in giving the reason for his decision, the presiding Judge said, that it could only be allowed the defendant, upon an application for remitting the forfeiture,

which he declined. But it does not appear that such application was made by the defendant. It may have been made, or that remark of the Judge, that he declined to remit it, may have prevented the application from being made. At any rate, it does not clearly appear that it was made. And so this court said, in delivering its opinion, that the statement was obscure, and that the defendant might move thereafter. And we suppose that his Honor was of the opinion upon this application, that it was not *res adjudicata.*

There is no error. This will be certified.

PER CURIAM.                          Judgment affirmed.