N. C. McCORMAC and others v. C. W. WIGGINS and others.

*Husband and Wife—Pleading—Parties.*

A husband defendant demurred to a complaint on the ground that his wife, who had a common interest with plaintiffs as one of the next of kin of an intestate, was made a defendant without an allegation in the complaint that she had refused to join as plaintiff; *Held,* that the overruling of the demurrer in this case was not erroneous. Sections 56 and 62 of the code, commented on by Ashe, J.

(*Shuler* v. *Millsaps,* 71 N. C., 297, cited and approved.)

SPECIAL PROCEEDING commenced in the probate court and heard on appeal at December Special Term, 1880, of Robeson Superior Court, before *Avery, J.*

This was a petition by the next of kin of Neill C. McCormac against the defendant C. W. Wiggins, as administrator of said Neill C. McCormac, deceased, for an account and settlement, and heard upon demurrer.

All the distributees of the estate of said deceased were made parties plaintiff, except E. C. Wiggins, (who was one of them and the wife of C. W. Wiggins,) who was made a party defendant.

The defendant C. W. Wiggins demurred to the complaint on the ground that his wife, E. C. Wiggins, who was one of the next of kin of his intestate, and therefore had an inter-

est in common with the plaintiffs, was made a defendant, without its being stated in the complaint that she had refused to join as a plaintiff. The court below held, that as it appeared from the pleadings, that the defendant E. C. Wiggins was the wife of the defendant C. W. Wiggins, that was a statement of a sufficient reason for making her a party defendant, and that it was not necessary under the provisions of section 62 of the code to set forth in the complaint that the said E. C. Wiggins would not consent to be made a party plaintiff. The demurrer was overruled, and the plaintiffs appealed.

*Messrs. Rowland & McLean*, for plaintiffs.
*Messrs. W. F. French* and *Walker Clark*, for defendants.

Ashe, J. While we do not entirely agree with the reasoning of His Honor, we concur with him in his conclusion, and hold that the demurrer was properly overruled.

The distributive share of E. C. Wiggins in the hands of her husband, C. W. Wiggins, as administrator of her father, Neill C. McCormac, by virtue of article ten, section six, of the constitution of 1868, is her sole and separate estate, and under section 56 of the Code of Civil Procedure, where the action concerns her separate property, she may sue alone; so she may sue and be sued, alone, when the action is between herself and her husband; and she may sue her husband, or be sued by him, alone. *Shuler* v. *Millsap*, 71 N. C., 297. As this, then, is an action which concerns her separate estate, and by section 62 of the code, all persons should be joined as plaintiffs who are united in interests, unless the consent of any one who should be joined as plaintiff, cannot be obtained, such person may be made defendant, the reason thereof being stated in the complaint. According then to this rule of practice, E. C. Wiggins ought to have been made a party plaintiff, and should not have been

made a defendant without her refusal to be made a plaintiff, and that fact stated in the complaint.

In the complaint, as originally filed, she was omitted to be made a party, and the defendant C. W. Wiggins, in his answer objected to the complaint, for the want of parties. The plaintiffs then obtained leave of the court to amend the complaint and make her a party defendant to the suit. A summons was regularly issued and served upon her as a defendant, and when she was thus brought into court, if she had been willing to take sides with the plaintiffs against her husband she could have applied to the court to be permitted to become a plaintiff in the proceeding, and the court no doubt would have promptly ordered a change in her position on the record, for the court has the power and will always exercise it so to adjust the relation of parties as to meet the ends of justice.

From the fact that no such application was made, and from the known general disinclination of married women to be placed in antagonism to their husbands, it is to be presumed that she was unwilling to become a plaintiff against her husband, and under the circumstances of the case, we do not think the fact needed to have been stated in the complaint.

There is no error; the demurrer must be overruled. Let this be certified to the superior court of Robeson county, that further proceedings may be had in conformity to this opinion and the law.

No error.                                          Affirmed.