STATE v. JOHN HORTON and GEORGE W. WARD.

(Decided October 10, 1898.)

### Forfeited Recognizance.

A defendant bound over to answer a criminal charge at a regular Term of the Superior Court, which Term is not held in consequence of the absence of the Judge, is required by virtue of Section 919 of *The Code* to attend at an intervening Special Term subsequently appointed and held.

*Scire facias* upon forfeited recognizance, heard before *Norwood, J.*, at Spring Term, 1898, of the Superior Court of PASQUOTANK County.

The defendant, Horton, with Ward as his surety, was bound over by a Justice of the Peace for his appearance at Fall Term, 1897, (3d Monday in September, 1897) of the Superior Court of Pasquotank County, to answer a charge of larceny. This Term was not held owing to the sickness of the Judge. The defendant was in attendance.

A Special Term was advertised and held for the county in January, 1898, at which Term the grand jury found a true bill of indictment against Horton, who was called and failed to appear, and judgment *nisi* was rendered against him and his surety, Ward, and a *scire facias* was ordered, returnable to Spring Term, 1898, and duly served. The defendant Ward filed his answer to the *scire facias*, setting forth substantially the foregoing facts:

The Solicitor for the State moved for judgment absolute upon the *scire facias* and forfeited recognizance, which motion his Honor refused, and directed the writ of *scire facias* to be discharged.

The State excepted to the ruling, and appealed.

*Mr. Zeb V. Walser, Attorney General,* for the State (appellant).

*Mr. G. W. Ward,* for defendant.

CLARK, J.: The defendant gave recognizance for his appearance "at the next Term of the Superior Court on the 3d Monday in September." At that term, the Judge being ill did not appear and the court was "adjourned until next term." *Code,* Section 926. It would be a grave miscarriage of justice if on such facts all recognizances are discharged when no officer is present authorized to take renewals. In *Askew* v. *Stevenson,* 61 N. C., 288, it was held that the cause was continued "certainly for one term" and probably "from term to term until the attendance of a Judge to hold the court," by virtue of Revised Code, Chapter 31, Section 24. That section was brought forward in *The Code,* Section 919, with the words stricken out which formerly restricted its application to civil cases. Certainly this section applies in the present case, as a special term was held in January following, of which "due notice was given by publication in the newspapers and otherwise," and Section 919 provides that all persons "bound to appear at the next regular term of the court shall attend at the special term under the same rules, etc." The recognizance to appear at September term was not to "depart the same without leave." There being no Judge present no leave was given beyond the adjournment "till next term." *The Code,* Section 926, by operation of law carried all matters over to "the next regular term" in the same plight and condition (*Walker* v. *State,* 6 Ala., 350) and this was transferred to the intervening special term by virtue of *The Code,* Section 919. No hardship can accrue from any *bona fide* mistake in

such matters, as the Judge has discretion to remit or lessen forfeitures in all cases (*Code*, Section 1205) but in refusing judgment on the *scire facias* there was error. *State* v. *Houston,* 74 N. C., 174, has no application, for there after the bond was given a new regular term was established by law to be held before the term at which the defendant was bound over to appear.

Error.