WILKES v. ALLEN.

(Filed November 18, 1902.)

LIMITATIONS OF ACTIONS —*Married Women* —*Free Traders* — *Judgment—The Code, Sec. 1827.*

The statute of limitations does not run against a married woman who is a registered free trader.

ACTION by Jane R. Wilkes against T. W. Allen and others, heard by Judge *A. L. Coble,* at October Term, 1902, of the Superior Court of MECKLENBURG County. From a judgment for the plaintiff, the defendants appealed.

*Burwell, Walker & Cansler,* for the plaintiff.
*Clarkson & Duls,* for the defendants.

FURCHES, C. J.   This is an action of debt upon a judgment
of the Superior Court of Mecklenburg County, recovered by
the plaintiff against the defendants at February Term, 1886,
and this action was commenced on the 9th day of March,
1899, and the defendants plead the statute of limitations in
bar of the plaintiff's right to recover.

This plea imposes the burden upon the plaintiff to show
that the action is not barred, as more than ten years had
elapsed between the taking the judgment sued on and the
commencement of the action.   This the plaintiff undertakes
to do by showing that she was a married woman at the time
the judgment was taken, and has continued to be such ever
since.   To this the defendants reply by showing that the
plaintiff has been a registered free trader, under section 1827
of The Code continuously since March 25, 1875.

It is plain the action is barred if the statute runs against
the plaintiff.   But married women are excepted from its
operation, and the fact that the plaintiff had the right to sue
and maintain actions in her own name, does not put the stat-
ute in motion against her.   *Lippard v. Troutman,* 72 N. C.,
551; *Campbell v. Crater,* 95 N. C., 556; *Smith v. Briggs,*
83 N. C., 306.

The case, then, depends upon the fact that the plaintiff was
a registered free trader, and we do not see that this has any
effect upon the case.   It is her *status* that exempts her from
the operation of the statute, and the fact that she registered as
a free trader does not change her status.   This view of the
case is supported by *Stubblefield v. Minzies,* (C. C.) 11 Fed.
Rep., 268, 274, 275; *Asheley v. Rockwell,* 2 N. E. (Ohio),
437, and many other authorities.   But the fact that the plain-
tiff became a registered free trader did not affect the rela-
tions of the parties to this action.   She had the right to sue
the defendants before she became a free trader, and that is all
she had after she became a free trader.   Neither did it affect

the rights or duties of the defendants. They were under the same obligation to pay they would have been if she had not been a free trader.

It is presumed that section 1827 of The Code was passed for the benefit of married women who wish to engage in business, in order to give them credit, as was the right to sue alone given as a benefit to them, *Shuler v. Milsaps,* 71 N. C., 297, but it did not change their *status,* nor remove the exemption which excluded them from the operation of the statute of limitation. *Lippard v. Troutman, supra.* Neither was the right of married women to sue alone, nor to become free traders, intended for the benefit of their debtors.

We see no error, and the judgment of the Court below is
Affirmed.