### BRAMLETT v. MATHIS.

1. PERSONAL REPRESENTATIVE—STATUTE OF DISTRIBUTIONS.—AN INSURANCE POLICY, payable to "my wife and the heirs of my body," goes to the widow and children as individuals and not to the personal representative.

2. ADMINISTRATOR.—Not sufficient evidence offered here to warrant the Court in finding that administratrix did not account for all assets of her husband's estate.

3. CHILDREN—LABORERS.—Finding that minors did not render such service as servants and farm laborers as to obtain compensation from mother and step-father affirmed.

4. TENANT IN COMMON—TRUSTEE—GUARDIAN.—Rule stated for the measure of compensation to a mother and guardian for improvement with her own funds of the common property of herself and children and wards.

Before WATTS, J., Sumter, May, 1904.    Modified.

Action by Susan M. Bramlett against Jane Mathis *et al.* From Circuit decree, all parties appeal.

*Messrs. A. B. Stuckey* and *L. D. Jennings,* for plaintiff. *Mr. Jennings* cites: *As to discharging rents and profits pro tanto by improvements:* 26 S. C., 40, 297; 53 S. C., 350; 38 S. C., 554; 14 S. C., 292; 17 S. C., 45; 50 S. C., 337.   *As to guardian using money of ward for improvement of ward's property:* 2 Strob. Eq., 40; 31 S. C., 604; 7 Rich. Eq., 105; *and for board, clothing, education, &c.:* 2 McC. Eq., 43; 3 Strob. Eq., 31; 4 DeS., 445; 7 Rich., 105; 2 Strob. Eq., 289; 15 S. C., 368.

*Messrs. Cooper & Fraser,* for defendant, W. S. Mathis, guardian *ad litem,* cite: *Proceeds of insurance policy go to wife and children:* 13 Ency., 553; 47 Am. St. R., 479; 147 Mass., 300.   *As to improvements by guardian as cotenant with his wards:* 15 Ency., 107; 40 Ind., 495; 10 Lea., 268; 11 Rich. Eq., 173.

*Mr. John H. Clifton,* for L. I. Parrott, guardian *ad litem,* cites: *As to liability of guardian for property of ward:* 62 S. C., 306; 7 S. C., 317; 30 Conn., 520; *and for services of ward:* 15 Ency., 2 ed., 97-8.

March 15, 1905.   The opinion of the Court was delivered by

MR. JUSTICE WOODS.   W. B. Mathis owned at the time of his death in 1893 some personal property and three tracts of land.   His widow, Susan Mathis, became administratrix of his estate, and guardian of the infant children.   About two years after the death of her husband, Susan Mathis intermarried with J. C. Bramlett, and with him lived on the estate lands, taking care of the children and managing the property.   In September, 1902, all the children being still infants, Susan Bramlett brought this action for the partition of the real estate.   The infants, by their answer, demanded an accounting for the entire estate, including a life insurance policy collected by Mrs. Bramlett, and insisted on reasonable compensation for services rendered by them as servants and farm laborers.   In the progress of the cause, the master, under the order of the Court, took testimony and made a report upon all the dealings of Mrs. Bramlett with the property, and upon the rights of the defendants against her.   The appeal really involves the correctness of the conclusion reached by the master, for the slight modifications ordered by the Circuit Judge in confirming the report, have been acquiesced in by all parties.

The policy of insurance on the life of W. B. Mathis could not be found.   The probate judge, T. V. Walsh, Esq., thus

stated his recollection when asked to give the words of the policy: "I cannot speak positively about that. My impression is that the policy gave the insurance to his widow and the heirs of her body or his body, I do not remember which. I can state that the word 'body' was in it. I think I took legal advice before I drew that petition to find out what their interests were. That is my custom if I am at all in doubt." Mrs. Bramlett says the policy was payable "to my wife and the heirs of my body," and she further says, in her petition for letters of guardianship, the insurance policy was "for the benefit of your petitioner, his widow, and five children, the minors aforesaid." From this evidence, it seems clear the policy was not payable to the personal representative or the estate of the insured, but to the widow and children identified as individuals, and, therefore, the amount collected thereon did not fall under the statute of distribution, but was distributable among the widow and children in equal shares.

The plaintiff, as administratrix, was charged with all amounts collected on debts due to the estate of her intestate. The testimony of her brother-in-law, J. V. Mathis, is to the effect that the remainder of the debts were not collectible, and no evidence was offered by defendants that any debt not collected was good.

We are unable to discover any item of personal property belonging to the estate which has been omitted from the account. Assuming it to be true, as contended by defendants, that the administratrix possessed no funds for the payment of debts except such as she derived from the estate, and that the debts were paid before sufficient money had been realized from the assets charged, this would not be evidence adequate for the Court to adjudge there must have been assets not accounted for. The administratrix has accounted for all the property appraised, and no evidence was offered of the existence of any other property belonging to the estate.

Upon a review of the conflicting testimony regarding the claim of the guardians *ad litem* for services rendered by the minors, the Court has reached the conclusion that the finding of the master and the Circuit Judge disallowing the claim is supported by the preponderance of the evidence. The defendant's exceptions and the plaintiff's first exception are overruled.

The plaintiff's second, third and fourth exceptions present the question of the right of a guardian to compensation in proportion to the interest of the wards for improvements made on property owned in common by the guardian and the wards. The evidence tended to prove that Mrs. Bramlett, through her husband, expended considerable sums of her own money in new buildings and chimneys, in repairing old buildings and in other alleged improvements. On this claim the master reported: "Inasmuch as I have allowed in this acounting to the plaintiff the net income from the land for the support and maintenance of the defendants, and inasmuch as I have only charged against her four per cent. interest on the amount of insurance money she held for the defendants, and inasmuch as these permanent improvements enure to the benefit of the plaintiff, as well as to the benefit of the defendants, by enhancing the value of the common property for the purposes of this partition, I have not allowed the plaintiff anything in this accounting for said improvements." The allowance of the net income of the land by the master for the support of all the children gave to each $37.06 per annum, which surely seems sufficiently small. The guardian actually invested her wards' money at four per cent. in a bank certificate, and there was no evidence that she acted improvidently in not investing at a higher rate. For trustees lacking knowledge and experience as to investments, it is often better to invest in securities known by all to be safe at a low rate than to take a venture at a higher rate. An examination of the evidence does not convince the Court that it was equitable to disallow all

claim for improvements for the reasons stated by the master, to which we have just alluded.    It is due to the master, however, to say that while there was much testimony as to the money actually expended by the guardian, there was no direct evidence as to the increase in the value of the land by reason of the improvements.    The measure of compensation to a guardian or other trustee for improvements of the trust property with his own funds is not the amount of money actually expended, but the increased value imparted to the property by reason of the improvements.    *Cain* v. *Cain,* 53 S. C., 350, 31 S. E., 218; *Lewis* v. *Price,* 3 Rich. Eq., 172; *Ex parte Palmer,* 2 Hill's Ch., 215.    On account of the fiduciary relation, however, the allowance for increased value should not extend beyond the amount actually expended.    A distinction is to be observed, too, between an increase of value due to ordinary good husbandry, which it is fair to expect of any one cultivating land, and unusual development of the land by fertilization, drainage, etc.    For the former no compensation should be allowed a trustee in possession, while the latter may be justly claimed.

The testimony is sufficient to show that injustice would probably result if no allowance is made for improvements, but it is not definite enough to enable the Court to come to a just conclusion as to the amount.    For this reason the cause is remanded to the Circuit Court to ascertain what allowance, if any, should be made to the plaintiff for improvements in accordance with the principles herein announced.    In all other respects the judgment of the Circuit Court is affirmed.

MR. JUSTICE GARY *did not sit in this case because of illness.*