7174

### BLACK v. ATLANTIC COAST LINE R. R. CO.

1. RAILROADS—CARRIER—PASSENGER—WILFULNESS.—DAMAGES FOR MENTAL SUFFERING, not accompanied with bodily injury, are not recoverable for *mere delay* in transporting a passenger.  Here there was no wanton or wilful misconduct in requiring a passenger to disembark from the train she was on, which did not stop at her destination, and take a train following in seventy-three minutes which did.

2. CARRIER—BAGGAGE.—PUNITIVE DAMAGES cannot be recovered for delay in locating and delivering baggage, where it is shown the carrier has made reasonable effort to trace and deliver, but only such actual damages from injury to its contents and inconvenience from delay as passenger has sustained.

3. IBID.—PASSENGER.—General rule stated as to duty of passenger to inquire if train on which he takes passage stops at his destination, and duty of carrier if its agent has made mistake in informing passenger as to stopping of a train at his destination.

4. IBID.—BAGGAGE—CHARGE—TICKET—PLEADINGS.—Where the ticket in question is identified by the agent who sold it and by the conductor who punched it, it is not a charge on the facts for the Judge to assume the ticket in evidence is the ticket in issue and to construe its terms as to limitation of liability for baggage, although such limitation had not been specially pleaded.

5. IBID.—IBID.—DAMAGES.—A PASSENGER is not bound by a limitation upon value of baggage on a ticket for which he has paid full fare unless he had knowledge of and consented to such special limitation. Whether such limitation is reasonable is not binding on the passenger.

Before GAGE, J., Colleton, November Term, 1907. Affirmed.

Action by Mamie Black against Atlantic Coast Line R. R. Co. From judgment for plaintiff, she appeals.

*Messrs. J. D. Padgett* and *Howell & Gruber,* for appellant, cite: *Damages for mental anguish caused by delay:* 3 Wood on R. R., sec. 364; 59 L. R. A., 590; 15 L. R. A., 347; 32 L. R. A., 347; 27 A. & E. R. R. Cas., 190; 44 Id., 302; 14 Id., 256; 18 Id., 248; 33 Id., 612; 31 Id., 776; 36 Id., 316; 25 Id., 188; 21 Id., 279; 34 Id., 316; 34 S. C., 324; 35 S. C., 493, 475; 54 S. C., 498; 57 S. C., 325; 68 S. C., 98. *Error in withdrawing from jury wilfulness in tracing baggage:* 58 S. C., 222; 29 S. C., 388; 65 S. C., 521; 65 S. C., 438. *Charge as to limitation of liability was on facts:* 53 S. C., 150; 61 S. C., 563; 49 S. C., 558; 47 S. C., 512; 68 S. C., 162; 48 S. C., 136; 49 S. C., 481; 52 S. C., 472; 58 S. C., 222. *Limitation of liability for negligence:* 2 Rich., 286; 9 Rich., 201; 19 S. C., 383; 26 S. C., 265; 56 S. C., 136; 74 S. C., 132; 39 S. C., 56; 55 S. C., 160. *Passengers not bound by limitations on payment of full fare:* 65 S. C., 517; 3 Ency., 555.

*Messrs. P. A. Willcox, W. Huger FitzSimons, Peurifoy Bros.,* and *Henry E. Davis,* contra. *Messrs. Willcox* and *Davis* cite: *Party cannot appeal from judgment in his favor:* 72 S. C., 491; 61 S. C., 468; 52 S. C., 270; 62 S. C., 380; 70 S. C., 75; 73 S. C., 234; 54 S. C., 203; 55 S. C., 336; 61 S. C., 404; 63 S. C., 559. *No recovery for mental anguish without physical injury:* 57 S. C., 325; 78 S. C.,

556; 17 S. C., 66. *No punitive damages here:* 72 S. C., 256; 5 S. C., 440; 65 S. C., 490; 72 S. C., 419; 78 S. C., 481, 419; 79 S. C., 209; 54 S. C., 505; 60 S. C., 67; 78 S. C., 556; 73 S. C., 523; 72 S. C., 116; 76 S. C., 301; 77 S. C., 148; 78 S. C., 109. *Duty of carrier to inquire if train stops at his destination:* 4 Ell. on R. R., sec. 1593; 2 Hutch. on Car., sec. 1060; 75 S. C., 355. *Instruction responsive to testimony is proper whether issue is pleaded or not:* 17 S. C., 477; 78 S. C., 537.

April 22, 1909. The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES. On December 6, 1905, at Jacksonville, Florida, plaintiff became a passenger on defendant's fast train No. 82, with a full-fare ticket from Jacksonville to Green Pond, S. C., and with check to her trunk to that point issued by defendant. The trunk never reached Green Pond, and when finally traced it was found in defendant's depot at Hague, Florida, and was delivered to plaintiff March 4, 1906, with the contents badly damaged. When the train left Savannah, the conductor informed plaintiff that train No. 82 would not stop at Green Pond, and that she would have to get off at Yemassee and there await the local train, No. 42, from Augusta to Charleston. Plaintiff demurred to this, and told the conductor that she wanted to go on to Green Pond by that train. On reaching Yemasssee, the porter came in and picked up her grip and told her that was the place for her to get off, and walked out, and the plaintiff followed and got off the train. She remained at Yemassee about seventy-three minutes, and boarded the local train and was carried to Green Pond on the original ticket, reaching Green Pond in time to take the train to Walterboro, her final destination. No 82 was not scheduled to stop at Green Pond, but occasionally had done so for some reason of emergency, as for water, to let off a sick passenger, to pass another train, or when it was behind local train No.

42. Plaintiff brought this action in January, 1906, to recover $5,000.00, as damages for alleged negligent and wilful breach of duty in failing to carry plaintiff and her baggage to Green Pond, alleging that she was subjected to anxiety and humiliation in being required to leave the train at Yemassee and remain there for some time, and that the defendant's agent at Jacksonville informed her when she bought her ticket that her train would stop at Green Pond. The value of the trunk and contents was alleged to be five hundred dollars, and at the time of the commencement of the action the trunk had not been found and delivered. Plaintiff found in the trunk her money, about $30.00, and her gold watch, but testified that the clothing was so damaged as to be practically worthless, and estimated her loss at $900.00 or $1,000.00. When the trunk was delivered, the defendant's agent at Hague, in presence of plaintiff and her father, made a list of the articles in the trunk, estimating their value, exclusive of money and watch, at $304.80. About one dozen oranges were also in the trunk and had become rotten, and this probably contributed to damage the clothing. The jury rendered a verdict in favor of plaintiff for $300.00. Plaintiff moved for a new trial for alleged error in the charge to the jury, but the motion was refused, and plaintiff now appeals from the order refusing a new trial and from the judgment upon exceptions to the charge.

1. It is contended that the Court erred in charging the jury that plaintiff, having received no personal injury, and none having been alleged in the complaint, could recover no damages for worry and mental anguish caused by the alleged delay. The exception does not specify wherein there was error. The charge was in accordance with the common law enforced in this State, which does not allow recovery for mental suffering in the absence of bodily injury. *Mack* v. *R. R. Co.,* 52 S. C., 323, 29 S. E., 905, 40 L. R. A., 679; *Lewis* v. *Tel. Co.,* 57 S. C., 330, 35 S. E., 556; *Taylor v. R. R. Co.,* 78 S. C., 559, 59 S. E., 641.

31—82

It is argued that this rule does not apply when the carrier's breach of duty was wilful, as alleged in this case. There was not a scintilla of evidence of any reckless, wanton or wilful misconduct on the part of defendant's servants in the treat-ment of plaintiff as passenger. At most, plaintiff was subjected to a mere transfer from a train not scheduled to stop at her station to one scheduled to stop there; done without any rudenesss and with the least possible inconvenience to plaintiff, involving a delay in reaching Green Pond of only one hour and thirteen minutes, and no delay whatever in her connection for Walterboro, her destination. She would have had the same wait at Green Pond as she had at Yemassee, and the waiting-room accommodations at Yemassee were superior to those at Green Pond. But if it be conceded that there was evidence of willfulness the Court covered that aspect fully in the general charge. In the particular charge complained of the Court was instructing the jury as to whether they could give compensatory damages for wounded feelings in the absence of bodily injury.

2. The Court charged that defendant, having made reasonable effort to trace and deliver the trunk, no punitive damages could be recovered on that account, but only such actual damages from injury to its contents and inconvenience from delay as plaintiff sustained could be recovered.

We think there was no error in withdrawing from the jury the question of punitive damages with respect to the trunk. On the morning of December 6, 1905, plaintiff and her husband traveled on the Seaboard Air Line from Highland to Jacksonvillle, and while on board train received baggage check No. 7063 of that company for the trunk. On reaching Jacksonville, plaintiff's husband, through a negro employee of the Union Station Co., procured in exchange for the Seaboard check the Atlantic Coast Line baggage check No. 37288. There was testimony that the baggage was never actually delivered to the defendant company, but

we assume that it was, since it issued its check therefor and the trunk was finally found to be in its possession. But immediately upon demand of plaintiff for the baggage an earnest effort was made to trace and deliver it. When finally located at Hague, Florida, the trunk had on it the Seaboard check and no check of the Atlantic Coast Line, and no mark to indicate its origin or destination, and this no doubt rendered the tracing for baggage with the Atlantic Coast Line check more difficult.

While the circumstances may warrant an inference of negligence in the transfer of the baggage at Jacksonville and its transportation to Hague, there is nothing to show any recklesss or wanton disregard of plaintiff's rights. The delay in locating and delivering the baggage would not warrant an inference of willfulness in view of the undisputed evidence to trace and deliver. *Roberts* v. *Tel. Co.,* 73 S. C., 523, 53 S. E., 985; *Butler* v. *Tel. Co.,* 77 S. C., 148, 57 S. E., 757.

3. It is excepted that the Court erred in charging the jury that a railroad company has a right to adopt a regulation that a certain train shall not stop at designated stations, and one travelling as a passenger on such road is bound to inquire whether the train upon which he takes passage stops at the place to which he is going, the contention being that it is not the duty of the passenger to make such inquiry. There was conflict in the testimony as to whether plaintiff made any such inquiry. The instruction given is sustained by the case of *Carter* v. *Railway,* 75 S. C., 355, 369, 55 S. E., 771, in which the Court said · "There can be no doubt of the right of railroad companies to run passenger trains stopping only at important stations. provided reasonably adequate provision is made by other trains for the accommodation of local travel. Incident to this right of a railroad company is *the duty of a passenger before boarding a train to use diligence to ascertain if it stops at his destination, and if the passenger fails to use*

*the means of information at his command he cannot com-
plain of the resulting inconvenience or damage,* even if on
his refusal to pay the additional fare to the next regular
stopping place he is ejected from the train." (Italics
added).

The Court further said: "As a general rule where a
passenger on account of the mistake of the carrier's agent
boards a train not scheduled to stop at his station, the
carrier has a right to correct the mistake by letting the
passenger off at a stopping place of that train before pass-
ing the passenger's destination, so that he may take the
next train scheduled to stop at his destination; and it is the
duty of the passenger to stop off and wait for such train."

There were no exceptional circumstances in this case to
take it out of the general rule.

4. The Court instructed the jury that the ticket or con-
tract in this case limited the value of the baggage to $100,
that a railroad company has a right to limit its lia-
bility for baggage, and if the jury believed that the
sum of $100 was a reasonable limitation, then noth-
ing more than $100 can be recovered for the value of the
baggage.

It is alleged first, that this was a charge in respect to a
matter of fact, but we think this objection can not be sus-
tained. The ticket in question was identified by the agent
who issued it and the conductor who punched it, and was
introduced in evidence without objection  The plaintiff
raised no issue whatever as to the identity of the ticket
issued to her as a passenger. Under such circumstances the
Court had a right to assume as an undisputed fact that the
ticket in evidence was the ticket issued to plaintiff.

It is next contended that such charge should not have
been given, as defendant had not plead any limitation of
liability by contract. Judge Gage hesitated to so charge
because of this. The complaint having alleged that de-
fendant issued to plaintiff a ticket authorizing her to ride

upon its train as a part of her cause of action, and the ticket having been introduced in evidence without objection and its identity not disputed, it was the province of the Court to construe the terms of the ticket as a matter of law responsive to the testimony, even if strict pleading required defendant to plead the alleged limitation of liability as stated in the ticket. *Russell* v. *Arthur,* 17 S. C., 480; *Harbert* v. *R. R. Co.,* 78 S. C., 549, 59 S. E., 644.

The more serious objection to the charge is the last contention—that plaintiff having paid full rate for the ticket, the limitation of liability with respect to baggage is not valid even though the jury might think it reasonable. It is a well settled rule that a common carrier can not by contract exempt itself from liability for its own negligence; but it is equally well settled that the carrier and shipper may make a special contract upon consideration agreeing upon a valuation of property shipped in case of loss or damage. *Johnstone* v. *R. R. Co.,* 39 S. C., 56, 17 S. E., 512. In *Norman* v. *Southern Ry.,* 65 S. C., 517, 44 S. E., 83, this Court held that a passenger, paying full fare for a general ticket, is not bound by limitation printed thereon, unless his attention has been especially called to them and he has assented thereto. As there was no conclusive evidence that plaintiff had received any consideration in reduced charges or otherwise for such a contract, and no conclusive evidence that she had knowledge of and consented to such a special limitation or condition, it was error to hold the plaintiff bound by the limitation, if the jury deemed the limitation reasonable, as it is not the reasonableness of the limitation alone which binds the passenger, but it is assent thereto upon consideration which binds or estops him.

Nevertheless, we do not think the error should work a reversal, as it is manifest from the verdict of $300 in favor of plaintiff that the jury did not regard the limitation of liability reasonable and were not governed by it. There

was no basis for punitive damages, as already shown, and there was no basis for more than a mere nominal sum for the slight delay involved in the transfer of plaintiff at Yemassee, hence it is fair to assume that the jury made their verdict upon their estimate of the loss to plaintiff by the delay in delivering the trunk and the damage to its contents.

The verdict is already for the plaintiff, and we see no good reason to believe that another trial would promote substantial justice in this case.

The judgment of the Circuit Court is affirmed.