STATE OF NORTH CAROLINA v. WAYNE HAWKINS

No. 7215SC137

(Filed 29 March 1972)

Arrest and Bail § 11; Courts § 9— order of bond forfeiture — review by another judge

    A superior court judge erred in ruling that, as a matter of law, he could not review an order of bond forfeiture entered by another superior court judge, since G.S. 15-116 gives him authority to review such an order.

APPEAL by defendant from *Hobgood, Judge,* 6 September 1971 Session, Superior Court, ORANGE County.

Defendant was charged with first-degree burglary. Under order of court dated 27 August 1970, there was posted on the 31st day of August 1970, an appearance bond of $5,000 in cash, for the defendant's appearance on 8 September 1970. Defendant appeared and a true bill was returned. The case was calendared for trial and continued on 4 November, 10 December, 1970,

---

---

and 14 January, 23 February, 27 April, 1971. About 1 June 1971, defendant went to the courthouse and talked with the deputy clerk, who in turn consulted the solicitor in the courtroom, with respect to the status of his case. It was learned that his counsel had withdrawn from the case because of the inability of defendant to pay him. Defendant was told he would be given until late August or early September to obtain counsel. He contacted Mr. Vann in Durham and employed him to represent him. Mr. Vann instructed defendant to return to his office on 8 September 1971, the next term of criminal court after August. When he returned to Mr. Vann's office he was advised that his "case had been called and failed" and was not on the September docket. The case was calendared for trial at 31 May 1971 Session. On 7 June 1971 the solicitor called the case for trial, and defendant failed to appear. On the same day, Judge Copeland ordered that judgment absolute be entered against the cash bond, and on 27 June 1971, the full amount of the cash bond, less $5 costs, was turned over to the Orange County Treasurer by the Clerk of Superior Court.

Defendant, with his counsel, appeared in court on 9 September 1971 and moved that he be allowed to post another cash bond which motion was allowed. His motion to modify or set aside the judgment of Judge Copeland of 7 June 1971, was denied. The judgment of Judge Hobgood denying the motion found the facts substantially as recited herein and concluded that, as a matter of law, he was without authority to grant defendant's motion because "one Superior Court Judge cannot modify an Order or Judgment, or change an Order of (sic) Judgment, of another Superior Court Judge, even if the original order was based upon an erroneous application of legal principles." From the entry of this order, defendant appealed. Defendant also petitioned this Court for a writ of certiorari to review the order of Judge Copeland entered 7 June 1971 from which no appeal had been taken. That petition was allowed by this Court on 17 November 1971, and that phase of the matter is before the Court on certiorari at this Session.

*Attorney General Morgan, by Associate Attorney Magner, for the State.*

*Murdock and Jarvis, by Felix B. Clayton, for defendant appellant.*

MORRIS, Judge.

By opinion filed this day, this Court has held that Judge Copeland erred in entering judgment absolute, and the judgment against the cash bond was reversed. While this holding, for all practical purposes, renders moot the question raised by the appeal in this case, we think the question raised should be answered.

G.S. 15-116 provides:

"The judges of the superior and district courts may hear and determine the petition of all persons who shall conceive they merit relief on their recognizances forfeited; and may lessen, or absolutely remit, the same, and do all and anything therein as they shall deem just and right and consistent with the welfare of the State and the persons praying such relief, as well before as after final judgment entered and execution awarded."

Referring to this statute (then Bat. Rev., chap. 33, secs. 83, 84, 85), the Supreme Court, in State to the use of the *Board of Education v. Moody*, 74 N.C. 73 (1876), said:

"The statute is so broad that there can be no doubt that the Judges of the Superior Courts have the power to remit or lessen forfeited recognizances, either before or after final judgment, upon the petition of the party aggrieved. . . . And this is a matter of judicial discretion in the Judges below, which we cannot review, except for some error in a matter of law or legal inference." 74 N.C., at 74-75.

Judge Hobgood's failure to exercise discretion and ruling that, as a matter of law, he could not review the order of forfeiture constitutes error in a matter of law and makes his judgment reviewable. Because Judge Hobgood, in failing to exercise the power of judicial discretion conferred by statute, committed error prejudicial to defendant, the judgment must be

Reversed.

Chief Judge MALLARD and Judge PARKER concur.