State v. Mills

STATE OF NORTH CAROLINA v. BOBBY LEE MILLS, DEFENDANT, AND DAVID CLOSS WINSTEAD, SURETY

No. 749SC742

(Filed 6 November 1974)

1. **Arrest and Bail § 11— appearance bond — special court session — forfeiture**

    An appearance bond which stated that "This is a continuing bond from Court to Court, day to day and session to session . . . until final judgment is entered in the trial divisions of the General Court of Justice, and not to depart the court without leave . . . " was broad enough to render defendant surety indebted to the State when defendant principal failed to appear at a special session of court at which his case was calendared, even though the surety was not given notice of the special session.

2. **Arrest and Bail § 11— appearance bond — arrest of nonappearing defendant — forfeiture required**

    Since, under G.S. 15-122 the surrender of a principal after recognizance has been forfeited does not result in a discharge of the surety's obligation but the forfeiture must be remitted in the manner provided for, the trial court did not err in ordering that the State recover from defendant surety on an appearance bond, even though defendant principal was taken into custody two months after he failed to appear in court.

APPEAL by Winstead from *Bailey, Judge,* 29 April 1974 Criminal Session of FRANKLIN County Superior Court. Argued in the Court of Appeals 14 October 1974.

Winstead, as surety, and defendant Mills, as principal, entered into an appearance bond in the amount of $10,000 which provided in part that:

"This is a continuing bond from Court to Court, day to day and session to session in the trial divisions of the General Court of Justice, and THE CONDITION OF THIS OBLIGATION IS SUCH, that if the defendant shall appear before the District Court at Louisburg, North Carolina, on 12 day of February, 1973 . . . and return for trial from day to day and session to session, until final judgment is entered in the trial divisions of the General Court of Justice, and not depart the court without leave, then this obligation to be void; otherwise to remain in full force and effect."

At the August 1973 Session of Franklin County Superior Court, defendant Mills was tried before a jury, but the trial judge

withdrew a juror and declared a mistrial. On 28 January 1974, by order of the Chief Justice of North Carolina, a special session of Superior Court for Franklin County began. At this special session defendant Mills' name was called in open court and Mills failed to answer, whereupon judgment *nisi* was entered against defendant Mills and Winstead for the full $10,000 obligation. After judgment *nisi*, notice of a hearing was given to Winstead, as surety. Pursuant to the hearing, the trial judge ordered that the State recover from defendant Mills and Winstead, surety, jointly and severally, $5,000 along with cost. From this order Winstead appealed.

*Attorney General Carson, by Assistant Attorney General Raymond W. Dew, Jr., and Associate Attorney John R. Morgan, for the State.*

*E. F. Yarborough and B. N. Williamson III, by E. F. Yarborough, for appellant.*

MARTIN, Judge.

The surety on this appearance bond, Winstead, assigns as error the entry and signing of the judgment. An exception to the judgment or to the signing of the judgment presents the face of the record proper for review, and review is limited to the questions whether error of law appears on the face of the record, which includes whether the facts found or admitted support the judgment, and whether the judgment is regular in form. 1 Strong, N. C. Index, 2d, Appeal and Error, § 26.

The trial judge found the following facts concerning the special session of court from which defendant Mills was absent: A local radio station announced that a special session of criminal court would convene on 28 January 1974; a court calendar was prepared with defendant Mills' name appearing thereon; a subpoena was issued for defendant Mills on 25 January 1974 and was returned by the Sheriff marked "not to be found in Franklin County"; a copy of the calendar was regularly mailed to Mills' attorney of record; finally, an agent of the State Bureau of Investigation personally notified defendant Mills that the trial was set for 28 January 1974.

[1] Winstead argues that, while he was bound as surety to secure the appearance of defendant Mills at a regular session of court, he was not under a duty to secure the appearance of Mills at a special session of court of which he, Winstead, had

no notice. The surety Winstead has not shown us any North Carolina law which requires that the surety be given notice of the principal's trial dates. Instead, he says that *State v. Horton,* 123 N.C. 695, 31 S.E. 218 (1898) is no longer a precedent for this Court since it was decided under Code § 919, and this provision no longer appears in the General Statutes. In *State v. Horton, supra,* the Court held that where a defendant gave bond to appear at a regular term which was not held by reason of the judge's illness, then such defendant is responsible on his bond for his appearance at a special term of court. We do not decide whether *State v. Horton* depends upon the provisions of Code § 919 (now repealed). The appearance bond under consideration reads in part, "This is a continuing bond from Court to Court, day to day and session to session . . . until final judgment is entered in the trial divisions of the General Court of Justice, and not to depart the court without leave. . . . " We think that such an appearance bond is broad enough to cover special sessions. When defendant Mills failed to appear at the special session of court, Winstead, as surety, became indebted to the State subject to relief under G.S. 15-116. The order of Judge Bailey which lessened the forfeited indebtedness from $10,000 to $5,000 was a matter within his discretion. See *State v. Hawkins,* 14 N.C. App. 129, 187 S.E. 2d 417 (1972).

[2] Defendant Winstead further contends that he was prevented from surrendering the principal to the sheriff after judgment *nisi* on 28 January 1974, and thereby gaining a discharge under N.C.G.S. 15-122, because the principal was taken into custody and confined in Wake County Jail on 25 March 1974, approximately two months after Mills failed to appear in court. Defendant recognizes that under G.S. 15-122, the surrender of a principal after recognizance has been forfeited does not result in a discharge in a criminal case as it does in a civil case. In a criminal proceeding, there is no discharge of the surety's obligation, but "the forfeiture may be remitted in the manner provided for." Defendant argues there is no reasonable basis for such a distinction between civil and criminal proceedings, and therefore G.S. 15-122, as applied to him, is unconstitutional. We disagree. Certainly, the State has a greater interest in seeing that a party to a criminal proceeding, in comparison to a civil proceeding, attends that proceeding. It follows that the State would be justified to scrutinize the discharge of a surety in a criminal proceeding more closely than a surety in a civil proceeding. The trial judge acted within his discretion

in reducing the forfeiture to $5,000 under G.S. 15-116, and we find no error of law on the face of the record.

Affirmed.

Chief Judge BROCK and Judge PARKER concur.