STATE OF NORTH CAROLINA, PLAINTIFF v. D. K. BRIDGES, SR./SURETY, AND CHARLES HENRY HAMILTON, DEFENDANTS

STATE OF NORTH CAROLINA, PLAINTIFF v. D. K. BRIDGES, SR./SURETY, AND ROBERT MASON KIMBEL, DEFENDANTS

STATE OF NORTH CAROLINA, PLAINTIFF v. D. K. BRIDGES, SR./SURETY, AND STANLEY W. ACREY, DEFENDANTS

STATE OF NORTH CAROLINA, PLAINTIFF v. D. K. BRIDGES, SR./SURETY, AND BOBBY JEAN ENGLISH, DEFENDANTS

STATE OF NORTH CAROLINA, PLAINTIFF v. W. K. MOSER, III/SURETY, AND TIMOTHY PAUL KAVANAUGH, DEFENDANTS

STATE OF NORTH CAROLINA, PLAINTIFF v. W. K. MOSER, III/SURETY, AND ROBERT LEE WOOD, DEFENDANTS

STATE OF NORTH CAROLINA, PLAINTIFF v. W. K. MOSER, III/SURETY, AND CHARLES CORY COLLIER, DEFENDANTS

No. 875DC1027

(Filed 5 April 1988)

**Arrest and Bail § 11.4— defendants as bail bond runners—defendants not liable as sureties on appearance bonds**

The trial court erred in holding defendants liable as sureties on several appearance bonds where defendants executed the bonds, in compliance with all of the relevant statutes and regulations, as bail bond runners on behalf of a named bail bondsman, and the fact that the defendants signed only their own names on the bonds as sureties did not make them individually liable for the

bonds, since defendants denoted their agency by affixing the bail bondsman's license certificates to the bonds, and, when the bonds in question were signed, it was common for runners to sign only their own names when executing bonds on behalf of bondsmen. N.C.G.S. § 85C-1(9).

APPEAL by defendants, D. K. Bridges, Sr. and W. K. Moser, III, from *Charles E. Rice, Judge.* Order entered 10 August 1987 in District Court, NEW HANOVER County. Heard in the Court of Appeals 9 March 1988.

*Hogue, Hill, Jones, Nash & Lynch by William L. Hill, II and New Hanover County District Attorney, Jerry L. Spivey for the State and for New Hanover County Board of Education, plaintiff-appellees.*

*Zimmer and Zimmer by Jeffrey L. Zimmer and John L. Coble for defendant-appellants.*

BECTON, Judge.

Defendants D. K. Bridges, Sr. and W. K. Moser, III were ordered to forfeit several appearance bonds they executed in similar fashion in New Hanover County at various times between January 1986 and June 1987. Defendants filed motions for "remission of judgment" in District Court, maintaining that they signed the bonds on behalf of James C. Rideoutt, Jr. pursuant to a special power of attorney which he executed in their favor. The motions were denied. Defendants appeal. We reverse.

N.C. Gen. Stat. Sec. 85C-1(9) defines a bail bond runner as follows:

Runner shall mean a person employed by a bail bondsman for the purpose of assisting the bail bondsman in presenting the defendant in court when required, or to assist in apprehension and surrender of defendant to the court, or keeping defendant under necessary surveillance, *or to execute bonds on behalf of the licensed bondsman when the power of attorney has been duly recorded.* (Emphasis added.)

A "surety bondsman" is defined in subsection 85C-1(11) as

. . . any person who is approved by and licensed by the Commissioner as an insurance agent pursuant to the provisions of Chapter 58 of the General Statutes of North Carolina and ap-

pointed by an insurer by power of attorney to execute or countersign bail bonds for the insurer in connection with judicial proceedings and receives or is promised money or other things of value therefor.

During the time period in which the subject bonds were executed, defendants were licensed as bail bond runners only. Indeed, Chapter 85C specifically delineates the respective responsibilities of bail bondsmen and bail bond runners, and it provides that bail bondsmen alone are liable as sureties on bonds. Defendants were authorized to execute bonds by power of attorney for James C. Rideoutt, Jr. who was a licensed bail bondsman at the time. The powers of attorney were filed with the Commissioner of Insurance and the Clerk of Superior Court in New Hanover County as required by statute. Moreover, in compliance with North Carolina Insurance Regulations Section 13.0505, the certification seals of the bail bondsman, James C. Rideoutt, Jr., were affixed to each bond. Thus, defendants executed these bonds, in compliance with all of the relevant statutes and regulations, as bail bond runners on behalf of bail bondsman James C. Rideoutt, Jr.

The State, citing case authority concerning agency liability, argues that because defendants signed only their own names on the bonds as sureties, they are individually liable for the bonds. We disagree. We believe that defendants denoted their agency by affixing Rideoutt's license certificates to the bonds. Equally important, when the bonds in question were signed, it was common for runners to sign only their own names when executing bonds on behalf of bondsmen. Later, runners were informed by notice from the Clerk of Court that they must annotate the name of the bondsman for whom they executed the bond. We hold that under the foregoing circumstances it was clear that defendants executed the bonds on behalf of James C. Rideoutt, Jr., bail bondsman.

The denial of a motion for remission of forfeiture is a matter of judicial discretion in the trial judges and cannot be reviewed except for some error in a matter of law or legal inference. *State v. Hawkins*, 14 N.C. App. 129, 187 S.E. 2d 417 (1972). The trial judge committed legal error in holding defendants liable as sureties on the bonds. The judgment is therefore

Reversed.

Judges ARNOLD and PARKER concur.