F. C. BRINSON, TRUSTEE, v. B. R. LACY, TREASURER, ET AL.

(Filed 28 March, 1928.)

1. **Deeds and Conveyances—Torrens Deeds—Claims Against the State Under Assurance Fund—Mortgages—Notice of Lis Pendens.**

The proceedings by the owner to register his land under the Torrens system is in the nature of proceeding *in rem*, requiring description of the land to be affected, with indexing giving notice, etc., and while pending is

notice to a mortgagee thereof without the necessity of the filing of a formal *lis pendens*, and where the mortgagee fails to protect himself under the provisions of the statute, and the title to the land has been assured by the State, and a holder thereof by proper transfer has acquired the title, the negligence of the mortgagee is a complete defense in the mortgagee's action to recover damages against the State thereunder.

**2. Deeds and Conveyances—Torrens Deeds—Demurrer to Action Under Assurance Fund.**

Where in the mortgagee's action against the State Treasurer for damages sustained by reason of the assurance of title by the State to a purchaser under a Torrens deed from the owner of the land, it appears from the pleadings that the damages were caused by his failure, with notice of the proceedings under the Torrens Act, to protect his rights, the demurrer to the pleadings by the defendant should be sustained.

CIVIL ACTION before *Harris, J.,* at September Term, 1927, of JONES.

It is alleged in the complaint that on 1 May, 1916, A. H. Stephens brought action in the Superior Court of JONES County pursuant to the provisions of chapter 90, Public Laws of 1913, and amendments thereto, which is now C. S., ch. 47, and entitled "Land Registration." The purpose of the action was to Torrenize the title of Stephens. The proceeding was concluded on 4 June, 1920, and certificates of title Nos. 12 and 13 were duly issued to the said A. H. Stephens on 5 April, 1920. Thereafter, on 17 June, 1920, said certificates of title were assigned to J. V. Blades. After the Torrens proceeding was instituted, and while it was pending, to wit, on 22 May, 1917, A. H. Stephens executed and delivered to B. F. Pickles, trustee for plaintiffs, a deed of trust covering the same land described in said Torrens proceeding, said deed of trust having been recorded on 1 January, 1918. The plaintiff, Brinson, trustee, has been duly designated as trustee for the plaintiffs in lieu of the said B. F. Pickles. It is further alleged that at the time of accepting the said deed of trust and recording same, the plaintiffs had no knowledge of the Torrens proceeding, and that the title examiner failed to include the said deed of trust to plaintiffs in his report on said title. The plaintiffs brought a suit to foreclose said deed of trust, and thereupon J. V. Blades, the owner of the certificate, restrained the sale of said land.

One phase of this case was considered by the Court in *Blades v. Pickles,* reported in 192 N. C., 812. In that case Blades instituted an action against Pickles, trustee, praying that he be declared the owner of said property in fee simple, and that said deed of trust to Pickles, trustee, for plaintiffs in this action, be declared void. The Court held that the claim of the present plaintiffs who were defendants in the former suit, was barred by the statute of limitations. The jury also found that the present plaintiffs, who were defendants in the former suit, had suffered damage in the sum of $2,305.00.

It was further alleged in the present suit that one-tenth of one per cent of the assessed value of said land had been paid over to B. R. Lacy, State Treasurer, in accordance with the Torrens Act, and known as the assurance fund and so designated in C. S., 2422. The plaintiffs therefore demanded judgment against the State Treasurer for the sum of $2,305, with interest from 1 January, 1918. The defendant, State Treasurer, demurred to the complaint upon the following ground, among others: "The complaint does not state facts sufficient to constitute a cause of action against this defendant in that the complaint does not set forth facts showing that the plaintiffs have, without negligence on their part, sustained loss or damage," etc.

The trial judge overruled the demurrer interposed by the defendant and entered judgment in favor of plaintiffs and against the defendant in the sum of $2,305, with interest from 1 January, 1918, from which said judgment the defendant appealed.

*F. C. Brinson and Moore & Dunn for plaintiff.*
*Attorney-General Brummitt and Assistant Attorney-General Siler for defendant.*

BROGDEN, J. Does a Torrens proceeding under C. S., ch. 47, entitled "Land Registration," duly commenced prior to the enactment of chapter 31, Public Laws of 1919, constitute *lis pendens?*

Public Laws of 1919, chapter 31, adopted for the entire State what was known as the Buncombe County act relating to *lis pendens,* which provided for cross-indexing, and providing further: "From the cross-indexing of the notice of *lis pendens* only is the pendency of the action constructive notice to a purchaser or incumbrancer of the property affected thereby." C. S., 502. The Torrens Act, C. S., 2378, declares: "The proceedings under any petition for the registration of land, and all proceedings in the court in relation to registered land shall be proceedings *in rem* against the land, and the decrees of the court shall operate directly on the land, and vest and establish the title thereto in accordance with the provisions of this chapter." In C. S., 2382, the proceeding is referred to as a "special proceeding *in rem* against all the world." C. S., 2384, provides that the petition in the cause must: (1) be verified; (2) contain a full description of the land to be registered, together with a plot of same by metes and bounds; (3) history of the title; (4) a full statement of all liens, claims, encumbrances, etc. C. S., 2386, provides for a publication containing the names of the petitioners and of all other persons named in the petition "together with a short but accurate description of the land and the relief demanded." C. S., 2388, provides that every decree "shall bind the land and bar all persons and

corporations claiming title thereto or interest therein; quiet the title thereto, and shall be forever binding and conclusive upon and against all persons," etc.

The record discloses that the proceeding was instituted on 1 May, 1916. On 22 May, 1917, more than one year after the proceeding was instituted, but while it was still pending, the petitioner Stephens executed and delivered to the trustee for the plaintiffs the deed of trust upon the land involved in the proceeding. This deed of trust was recorded 1 January, 1918. The rights of the parties depend upon the law as it existed at the time the transaction took place. If the Torrens proceeding constituted a *lis pendens* under the law upon the subject existing at the time the transaction occurred, then the plaintiffs were charged with notice of the proceeding, and having failed to protect their rights as prescribed by the Torrens Act, they are not entitled to recover against the defendant. The law at the time the deed of trust was made and recorded is thus expressed: "It may, therefore, be taken as well settled that a judgment in an action *in rem* or one to foreclose a mortgage binds not only the parties actually litigating and their privies, but also all others claiming or deriving title under them by a transfer *pendente lite*. The filing a formal *lis pendens* is not required for the application of this recognized principle when the suit is brought in the county where the land is situated." *Walker, J.,* in *Jones v. Williams,* 155 N. C., 179. Also in *Culbreth v. Hall,* 159 N. C., 588, *Brown, J.,* said: "The complaint has all the requisites of a *lis pendens,* and contains the names of the parties, the object of the action, and a description of the land to be affected. It was, therefore, unnecessary to file a separate and formal notice." To the same effect is *Lamm v. Lamm,* 163 N. C., 71, in which the Court held: "Defendant Hinton and his immediate grantor, Dawes, having bought and received their title pending the controversy and after complaint filed fully describing the property situate in the same county, hold the same subject to the results of the suit." So, also, in *Puryear v. Sanford,* 124 N. C., 276, the Court said: "And besides, when the complaint of the plaintiffs was filed, that was *lis pendens,* and all subsequent purchasers would have to take notice of the purposes of the action and of the claim of the plaintiffs." *Collingwood v. Brown,* 106 N. C., 362; *Bird v. Gilliam,* 125 N. C., 76; *Morgan v. Bostic,* 132 N. C., 751. C. S., 2423, provides that "any person who, without negligence on his part, sustains loss or damage or is deprived of land, or of any estate or interest therein" may institute a suit for compensation for such loss or damage, the recovery to be paid out of the assurance fund in the hands of the State Treasurer. The right of action is given to any person free from negligence. Upon the face of the pleadings the plaintiffs cannot claim that they are free from negligence.

Under the law, as declared in numerous decisions, prior to 1919, the proceeding constituted *lis pendens,* and when the plaintiffs took the deed of trust from Stephens while the suit was pending they hold only as subsequent purchasers subject to be excluded from any interest in the land if they did not pursue the remedies prescribed in the Torrens Act. They took no steps to protect their rights and are therefore not entitled to recover. It follows necessarily that the trial judge should have sustained the demurrer.

Reversed.