W. R. PIERCE, RECEIVER OF THE CITIZENS BANK OF SHALLOTTE, v. E. F. MALLARD AND WIFE, BESSIE S. MALLARD, A. W. MALLARD, C. L. WILLIAMS, RECEIVER OF COMMERCIAL NATIONAL BANK, W. E. FUSSELL, C. LEACH, MATTHEW COBB, C. G. BEST, TRUSTEE, AND F. R. BRASWELL.

(Filed 13 November, 1929.)

**1. Attachment E b—Notice of attachment on realty should be noted on judgment docket and indexed, and filing lis pendens is unnecessary.**

C. S., 500 and 807 are to be construed *in pari materia,* and where notice of levy of attachment on defendant's land in a county has been given under the provisions of C. S., 807, by certification of the levy to the clerk of the court for that county and his notation thereof on his judgment docket and indexing in the index to judgments the effect is to take the land in *custodia legis,* and is not an action affecting the title to lands

within the purview of C. S., 500, but from the day of such notice, unless the land is released, the attachment constitutes a lien superior to that of a judgment rendered in favor of another, and a later judgment in the attachment proceedings relates back to the filing and indexing of the attachment, and where such notice under C. S., 807, has been given, the filing of *lis pendens* in the same county under the provisions of C. S., 500, is unnecessary.

2. **Attachment C b—The trial court may allow minor amendments in attachment proceedings.**

In attachment proceedings it is within the discretionary power of the judge of the Superior Court to allow amendments in regard to minor defects.

APPEAL by defendant, C. L. Williams, receiver, from *Daniels, J.,* at August Term, 1929, of DUPLIN. Affirmed.

A jury trial having been waived by the parties in the court below, the judge found the facts and set them forth in detail:

*Material facts.* The Citizens Bank of Shallotte brought a civil action against E. F. Mallard, its cashier, in Brunswick County, and in said action caused a warrant of attachment to issue to the sheriff of Duplin County, where Mallard owned real estate. This warrant of attachment was received by the sheriff of Duplin County on 4 August, 1921, and he made a levy by virtue of the same on 18 August, 1921, on the lands of E. F. Mallard, described in Finding of Fact, and returned said warrant of attachment with his said levy and return to the Superior Court of Brunswick County. That in addition to making the said return to the Superior Court of Brunswick County the sheriff of Duplin County duly certified a copy of his levy and return to the clerk of the Superior Court of Duplin County. The said certificate of return and levy so made by the sheriff of Duplin County was duly docketed and filed in the office of the clerk of the Superior Court of Duplin County on 18 August, 1921, and recorded in Judgment Docket No. 10, at page 181, and duly indexed on the index to judgments in said office on said date. No notice of *lis pendens* in "Record of *Lis Pendens*" in Duplin County was ever filed by the plaintiffs, the Citizens Bank of Shallotte, in its action against E. F. Mallard, and being the action in which the warrant of attachment was issued, nor was any *lis pendens* ever docketed or cross-indexed in said action on the *Lis Pendens* Docket in the clerk's office of Duplin County.

The American Bank and Trust Company recovered judgment against E. F. Mallard in the sum of three thousand and ninety-one dollars ($3,091) in the Superior Court of Duplin County on 19 January, 1922, and the said judgment was duly docketed and indexed on said date in the Superior Court of Duplin County. And since the rendition of said

judgment the defendant, C. L. Williams, as receiver, is now the owner of the said judgment. The Citizens Bank of Shallotte and W. F. Pierce, who was appointed receiver, were made parties to the action and recovered judgment against E. F. Mallard in the original action in which the warrant of attachment was issued at the October Term, 1923, of Brunswick Superior Court, a transcript of which judgment was duly docketed in the Superior Court of Duplin County on 15 October, 1923. The question is as to the priority of the liens of the respective judgments.

On the facts found the following judgment was rendered: "It is thereupon considered and adjudged, upon the foregoing findings of fact, that the lien of the judgment of W. F. Pierce, receiver of the Citizens Bank of Shallotte, against E. F. Mallard, for eighty-six thousand dollars, and interest, and costs, docketed on the Judgment Docket of the Superior Court of Duplin County, on 15 October, 1923, as hereinbefore set out, relates back to the date of the docketing of the return of the sheriff of Duplin County, on the warrant of attachment in the case of Citizens Bank of Shallotte *v.* E. F. Mallard, on the Judgment Docket of Duplin County, to wit, on 18 August, 1921, and that said judgment is a first lien on the tracts of land belonging to E. F. Mallard, set out and described in these findings of fact, and that the judgment of American Bank and Trust Company against E. F. Mallard, docketed on the Judgment Docket of the Superior Court of Duplin County, on 19 January, 1922, for the sum of three thousand ninety-one dollars, and interest on $3,000 from 19 January, 1922, and costs, and now owned by C. L. Williams, receiver of American National Bank, be and the same is hereby declared a second lien on the said lands of E. F. Mallard as hereinbefore set out, and subject to the lien of the judgment of the said W. F. Pierce, receiver, as aforesaid, and that the defendant, C. L. Williams, receiver, pay the costs of this action to be taxed by the clerk. F. A. Daniels, Judge."

To the judgment as signed C. L. Williams, receiver, excepted, assigned error and appealed to the Supreme Court.

*McLean & Stacy and Gavin & Boney for W. F. Pierce, Receiver of the Citizens Bank of Shallotte.*

*J. O. Carr and Beasley & Stevens for C. L. Williams, Receiver of the Commercial National Bank.*

CLARKSON, J. We think there was no substantial irregularity as would make the attachment void. It is well settled in this jurisdiction that for minor defects amendments can be made. *Askew v. Stevenson,* 61 N. C., 288; *Best v. Mortgage Co.,* 128 N. C., 351; *May v. Menzies,* 186 N. C., 144; *Thornburg v. Burton, ante,* 193; C. S., 547-9.

PIERCE *v.* MALLARD.

The main question involved in the controversy: Should the proceedings in attachment be docketed in the "Record of *Lis Pendens*" of Duplin County, C. S., 500, 501, 502, 503? We think not. It was docketed in the clerk's office of Duplin County in accordance with C. S., 807, in the judgment docket and indexed.

C. S., 500, says: "In an action affecting the title of real property, the plaintiff, at or any time after the time of filing the complaint, or when or any time after a warrant of attachment is issued, or a defendant when he sets up an affirmative cause of action in his answer and demands substantive relief, at or any time after the time of filing his answer, if it is intended to affect real estate, may file with the clerk of each county in which the property is situated a notice of the pendency of the action, containing the names of the parties, the object of the action, and the description of the property in that county affected thereby."

This section must be construed with C. S., 807, which is under Attachment, *in pari materia.* A warrant of attachment is not an action "affecting the title to real property." The warrant of attachment is not an action, but is ancillary and auxiliary to the action. Its function is to seize the property of a defendant and hold it within the grasp of the law until the trial can be had and the rights of the parties determined, or it may be released pending the action if seized without proper cause. In no sense is it a process to bring the defendant into court. It may be issued to accompany the summons, or at any time thereafter. C. S., 802.

The part of C. S., 807, material to be considered in attachments, provides: "He shall levy on the real estate of the defendant as prescribed for executions; he shall make and return with the warrant an inventory of the property seized or levied on. . . . Where the sheriff or other officer levies an attachment upon real estate, he must certify the levy to the clerk of the Superior Court of the county where the land lies, with the names of the parties, and the clerk must note the same on his judgment docket and index it on the index to judgments, and the levy is a lien only from the date of entry by the clerk, except that if it is so docketed and indexed within five days after being made it is a lien from the time it was made."

As said, the warrant of attachment is not an action affecting the title to the real property. The title of the owner of the land is not brought into dispute. The attachment merely seizes the property and holds it *custodia legis* until the final determination of the action or until the property is released pending the action when seized without proper cause. All the notice that any one is entitled to in cases where warrants of attachment are issued, is such as is contained in C. S., 807, *supra.*

The language with reference to warrant of attachment in C. S., 500, we must construe with C. S., 807. The latter requires the levy of a war-

rant of attachment on real estate to be certified to the clerk of the Superior Court of the county where the land lies, with names of parties, etc., the clerk notes same on the judgment docket. It is then indexed on the index to judgments and the levy then becomes a lien from the date of the entry by the clerk; except that if it is so docketed and indexed within five days after being made it is a lien from the time it was made. It will be noted that in the Consolidated Statutes, under Civil Procedure, Art. 34, Attachment, this provisional remedy of attachment is a complete and orderly system to attach property and hold it until the final determination of the action. A full and complete method is provided to give the public notice when a levy on real estate is made. We do not think that C. S., 500, *et seq.,* made it incumbent to file also a notice of *lis pendens* in a docket kept in the same office of the clerk of the Superior Court in another book called "Record of *Lis Pendens.*" This record of *lis pendens* is known as the Buncombe County Law, made Statewide, Public Laws 1919, ch. 19. We think the method provided under attachment, C. S., 807, is all that is required to give notice to the public in attachment proceedings.

It will be noted that section 500, in the first part, speaks of warrant of attachment. The latter part says "If it is intended to affect real estate, may file with the clerk of each county in which the property is situated," etc. In warrants of attachment we find under C. S., 807, how this notice must be filed and what the clerk shall do to create a lien on the property attached—it must be noted on the judgment docket and indexed. In construing the two sections together, it was never intended that notice should be given under C. S., 807 and then under C. S., 500, *et seq.,* in "Record of *Lis Pendens,*" both records kept in the clerk's office. C. S., 500, was intended to apply to actions affecting title to real property, and the Statewide Buncombe County Law applied to those actions and required them to be docketed and indexed in a book called "Records of *Lis Pendens.*"

In *Horney v. Price,* 189 N. C., at p. 824, we said: "This *lis pendens* statute applies to 'an action affecting the title to real property.'" At page 825: "Title is the means whereby the owner of lands has the just possession of his property. Co. Litt., 345; 2 Bl. Com., 195; Black's Law Dic., p. 1157." The judgment below is

Affirmed.