P. L. THRELKELD AND J. B. CORY v. MALCRAGSON LAND CO., INC.,
BEVERLY HILLS, INC., ET AL.

(Filed 8 January, 1930.)

1. **Lis Pendens A b—Quantity of land upon which notice of lis pendens may be filed.**

   One having the right to file notice of *lis pendens* upon lands of a certain acreage and description is not entitled to file *lis pendens* on a much larger acreage in which in a subsequent transaction of conveyance it has been included.

2. **Mortgages C c—Registration determines priority of deeds of trust and mortgages—Fraud.**

   Where the grantor of lands claims a lien under a mortgage given for the balance of the purchase price, but has neglected to have it registered until the lands had been conveyed by registered mortgage, no notice, in the absence of fraud, can supply that of registration under our statute, C. S., 3309, and the purchase-money mortgage is subject to the prior registered incumbrance, and where the holder of the purchase-money mortgage does not allege that the subsequent mortgagee had notice of fraud and was not an innocent purchaser for value, his prayer to have his purchase-money mortgage declared a prior lien cannot be granted. C. S., 1009.

3. **Lis Pendens A a—In this case held: action was not one affecting title to realty, and judgment canceling notice of lis pendens was proper.**

   Where the mortgagee of lands brings an action to recover on the note secured by the mortgage and to set aside a deed of the mortgagor, but not to foreclose the mortgage, the action is not one affecting the title to land within the meaning of C. S., 500, and the judgment of the lower court canceling and removing the notice of *lis pendens* from the records will be affirmed on appeal.

APPEAL by plaintiffs from *Sinclair, J.,* at Special August Term, 1929, of BUNCOMBE. Affirmed.

*Facts:* On 15 April, 1925, P. L. Threlkeld and wife Bell M. Threlkeld and J. B. Cory and wife Addie M. Cory, sold and conveyed to the defendant Malcragson Land Co., a corporation, a piece of land in Buncombe County, containing approximately 5 acres. The deed to this land was duly recorded in the office of the register of deeds of Buncombe County on 31 July, 1925.

(2) On the same date, 15 April, 1925, the Malcragson Land Co., Inc., conveyed the same land to Robert S. Brown, trustee, to secure certain purchase-money notes, one of which for $2,600 was due 15 October, 1928, and payable to the plaintiffs P. L. Threlkeld and J. B. Cory. Brown is not made a party to this action. The deed of trust gives the usual power of sale in default in the payment of the note. This deed of trust was duly recorded 27 April, 1929.

(3) On 2 February, 1926, the Malcragson Land Co., Inc., conveyed the said 5 acres of land (approximately) and other land and Governor Heights, Inc., certain land, to Beverly Hills, Inc. The total acreage was approximately 194 acres. This deed was duly recorded on 6 March, 1926.

(4) On 1 March, 1926, Beverly Hills, Inc., executed a deed of trust to Central Bank & Trust Co., trustee, for the 194 acres to secure an indebtedness of $325,000 to various bondholders. This deed of trust was immediately recorded.

The prayer of the complaint is "that the note and deed of trust owned by the plaintiffs and described herein be declared a first lien against all of the properties of the Malcragson Land Company, and Beverly Hills, Inc.," etc.

The prayer of the amended complaint is as follows:

"1. That on account of the matters and things alleged in the complaint and in this amended complaint, that the note of twenty-six hundred ($2,600) dollars and interest, and the deed of trust owned by the plaintiffs and fully set forth in the complaint, be declared a lien not only against the property in said deed of trust set forth in paragraph two of the complaint, but also against all properties of Beverly Hills, Inc., as is fully described in paragraph four of the complaint.

"2. That a commissioner be appointed to sell all the right, title and interest in and to all the lands described in said complaint, or so much thereof as may be necessary, to pay off said notes and interest due said plaintiffs, and execute sufficient deed in fee to the purchaser therefor, and pay the plaintiffs the sum of twenty-six hundred ($2,600) dollars, and interest at 6 per cent per annum from 15 April, 1925, and pay over the balance, if any, to the clerk of Superior Court, to be paid to the defendants herein.

"3. That said plaintiffs recover of said defendants the sum of twenty-six hundred ($2,600) dollars, and interest from 15 April, 1925."

The plaintiff filed a notice of *lis pendens* on the 194 acres of land and thereafter filed notice of amended *lis pendens* on only the 5 acres of land in the deed of trust to Robert S. Brown, trustee, for plaintiffs to secure the $2,600 balance purchase money on the land.

The other material facts will be treated in the opinion.

The court below rendered the following judgment: "This cause coming on to be heard, and being heard, upon the motion made by the defendants in the above entitled case, before his Honor, N. A. Sinclair, judge presiding over the Superior Court of Buncombe County, State of North Carolina, at the special term, August, A.D. 1929, of the Superior Court of Buncombe County, for an order canceling and removing from the records the alleged *lis pendens* which the plaintiffs have filed in

the office of the clerk of the Superior Court of Buncombe County, State of North Carolina, against the lands of the defendants in this action, and it appearing to the court from an examination of the entire record, including the complaint and amended complaint of the plaintiffs herein, that this is not an action affecting the title to real property and that the plaintiffs are not entitled to any *lis pendens* against the lands of the defendants, or any part thereof. It is, therefore, ordered and adjudged: (1) That the plaintiffs are not entitled to any *lis pendens* or notice of *lis pendens* against any part of the lands of the defendants in the above entitled action. (2) That the *lis pendens* filed by the plaintiffs in the above entitled action, which said *lis pendens* is recorded in the office of the clerk of the Superior Court of Buncombe County, State of North Carolina, in *lis pendens* Book 2, at page 182, and also the notice of an amended *lis pendens* filed in the office of the clerk of the Superior Court of Buncombe County, State of North Carolina, on 12 August, 1929, be, and they hereby are, canceled and removed from the records, and adjudged and declared to be void and of no effect. The clerk will make an entry upon the *lis pendens* Book and indexes where said notices of *lis pendens* appear that the same have been canceled in accordance with this order."

The plaintiffs excepted, assigned error and appealed to the Supreme Court.

*Roberts, Young & Glenn for plaintiffs.*
*Bernard, Williams & Wright for defendants.*

CLARKSON, J. It goes without saying that there could be no *lis pendens* on the entire 194 acres. The record discloses that the land that the controversy is about is approximately 5 acres and was first conveyed by plaintiffs to Malcragson Land Co., Inc., and by it with other land and Governor Heights, Inc., certain land, to Beverly Hills, Inc., totaling some 194 acres. The Beverly Hills, Inc., conveyed the 194 acres to the Central Bank & Trust Co., trustee, to secure an indebtedness of $325,000, due various bondholders. The deed of trust from the Malcragson Land Co., Inc., to Robert S. Brown, trustee for plaintiffs to secure $2,600 balance purchase money on the 5 acres, dated 15 April, 1925, was not recorded until 27 April, 1929, years after the land was deeded to others, and the deed of trust made to Central Bank & Trust Co., trustee.

"If a deed is registered, a subsequent purchaser has notice; but if a deed is not registered, and a subsequent conveyance is taken with actual knowledge of the former deed, and is registered first, it will have priority over the former deed, since it is held that no notice, however direct, will take the place of registration." North Carolina Practice and Procedure

(McIntosh), part sec. 344. C. S., 3309, 3311. *Roberts v. Massey*, 185 N. C., 164; *Bank v. Smith*, 186 N. C., at p. 641; *Ellington v. Supply Co.*, 196 N. C., at p. 789.

It appears of record that the 194 acres, in which the 5 acres in controversy is included, was conveyed to the Central Bank & Trust Co., trustee, to secure an indebtedness of $325,000. Plaintiff's deed of trust is subject to this lien. Upon the foreclosure of plaintiff's deed of trust they would have certain rights not necessary to discuss, if plaintiffs could set aside the deed from Malcragson Land Co., Inc., to Beverly Hills, Inc. The Central Bank & Trust Co., trustee, is not made a party to the action, but if it was and it took in good faith for value and without notice, its lien would still be prior to plaintiffs' deed of trust as it was registered before.

"Under C. S., 1009, a purchaser for value and without notice of any fraud gets good title by conveyance or transfer from fraudulent vendor. See *Cox v. Wall*, 132 N. C., 730." *Bank v. Mackorell*, 195 N. C., at p. 745. See *Arrington v. Arrington*, 114 N. C., at p. 166; *Brown v. Sheets*, 197 N. C., 268; 63 A. L. R., 1357.

There is no allegation in the complaint that the Central Bank & Trust Co., trustee, to secure the indebtedness of $325,000 is not a purchaser for value in good faith and that it had notice of the alleged fraud of Malcragson Land Co., Inc., and Beverly Hills, Inc., without such an allegation if the action was to foreclose the deed in trust of plaintiffs, plaintiffs' prayer could not be granted, that "the note and deed of trust owned by the plaintiffs and described herein be declared a *first lien*," etc.

C. S., 500, is as follows: "In action affecting the title to real property, the plaintiff, at or any time after the time of filing the complaint or when or any time after a warrant of attachment is issued, or a defendant when he sets up an affirmative cause of action in his answer and demands substantive relief at or any time after the time of filing his answer, if it is intended to affect real estate, may file with the clerk of each county in which the property is situated a notice of the pendency of the action, containing the names of the parties, the object of the action, and the description of the property in that county affected thereby."

C. S., 504, provides how the *lis pendens* notice can be canceled.

In *Arrington v. Arrington*, 114 N. C., at p. 159, it is said: "Without entering into a general discussion of the subject, it is sufficient to say that where the suit has been prosecuted with proper diligence the *lis pendens* continues until the final judgment (1 Beach Mod. Eq. Jur., 440, and Benn. Lis Pend., sec. 78), or until it has been canceled under the directions of the court. The Code, sec. 229 (C. S., 504, *supra*)."

In *Horney v. Price,* 189 N. C., at p. 824, it is said: "This *lis pendens* statute applies to 'an action affecting the title to real property.' " The subject is discussed in that case, citing authorities. It is not applicable to one seeking to recover a money judgment. *Pierce v. Mallard,* 197 N. C., 679; See *Brinson v. Lacy,* 195 N. C., 394.

In *Askew v. Hotel Co.,* 195 N. C., p. 456, we find the following principle: An existing corporation, when retaining its corporate identity and retaining assets sufficient to pay its creditors, does not effect a merger by exchanging its stock with another and similar corporation, so as to make the latter liable for its. debts under the doctrine of implied assumpsit or substitution of debtors, in the absence of fraud. C. S., 1005. *Helsabeck v. Vass,* 196 N. C., 603.

The present action is not to foreclose the deed of trust made by Malcragson Land Co., Inc., to Brown, trustee, for plaintiffs, to secure the $2,600 note. On account of plaintiffs' neglect and misfortune to register their deed of trust before the $325,000 lien to the Central Bank & Trust Co., trustee, for various bondholders, plaintiffs' deed of trust became subject to the Central Bank & Trust Co., trustee, deed of trust. The action is to recover on the $2,600 note from the maker Malcragson Land Co., and certain officers of the corporations and to set aside the deed made by Malcragson Land Co., Inc., to Beverly Hills, Inc. This action is not one "effecting the title to real property." The judgment below is

Affirmed.