CLARKSON, J., dissents.
STACY, C. J., concurring.
DEVIN, J., dissenting.
SEAWELL, J., dissenting.
Civil action to foreclose a trust deed on real property.
On 10 May, 1927, defendants Henry Knox and wife, Lottie Knox, executed a deed of trust on certain land located in Cabarrus County to secure a note payable on or before 10 May, 1928. Thereafter, the note secured by the deed of trust was duly acquired by the plaintiff. The last payment on the note was made on 10 January, 1930.
On 20 November, 1930, Knox and wife executed a second deed of trust on the same land to J. E. Hendrix, Trustee, which deed of trust was foreclosed in 1933. The defendant Ola G. Hendrix purchased at the foreclosure sale and it was conveyed to her by the trustee. On 24 April, 1936, she and her husband, G. H. Hendrix, conveyed the property to G. W. Hinson and wife, Nettie Hinson.
The note held by plaintiff being in default, it made demand upon the trustee in the deed of trust securing the same to foreclose. The trustee having expressed an unwillingness to act, plaintiff instituted this action on 10 November, 1937, making all parties of record, including the trustee, parties defendant. No separate notice of lis pendens was filed.
On 9 April, 1939, while said action was pending, the defendants J. W. Hinson and wife conveyed the land to C. M. Irvin, Jr., and wife, Pearl M. Irvin, and on the same date the said Irvins executed a deed of trust to Robert H. Irvin, Trustee. At the time the defendants Irvin purchased said land they had no actual knowledge of the pendency of the suit or of the deed of trust sued upon. The plaintiff, having discovered these subsequent conveyances, on 13 September, 1940, obtained an order making C. M. Irvin, Jr., and wife, Pearl M. Irvin, and Robert H. Irvin, Trustee, parties defendant to this action. They answered pleading the 10-year statute of limitations. The defendants Knox having failed to answer, judgment by default final as to them was entered at the August Term, 1940, Superior Court of Cabarrus.
The matter came on to be heard before Irvin, Special Judge, at the December Term, 1940, Cabarrus Superior Court, and was there heard by consent of parties without the intervention of a jury. The judge *Page 727 
having found the facts substantially as herein stated, entered judgment in favor of the plaintiff, modifying the amount demanded in accord with admissions. The decree entered appointed a commissioner to make sale and decreed foreclosure. The defendants, other than Knox and wife, excepted and appealed.
When an action is instituted to foreclose a duly registered deed of trust, must notice of the proceedings be cross-indexed as required by C. S., 501, so as to protect the mortgage creditor against subsequent purchasers from the mortgagor or his assigns who are parties to the action? We answer in the negative.
The law of lis pendens stems back to the Roman law where the rule was "a thing concerning which there is a controversy is prohibited during suit, from being alienated." The same rule was formulated and adopted by Lord Bacon, thereafter becoming firmly fixed in the English law, inherited by us as a part of the common law. It is founded on the maxim pendente lite nihilinnovetur and under the common law the bill of complaint, or the cross complaint, as the case may be, is the lis pendens. Now, however, with us, to be effectual it must be indexed and cross-indexed as required by C. S., 501.
The sole object of lis pendens is to keep the subject in controversy within the power of the court until final decree and to make it possible for courts to execute their judgments. It gives notice of a claim of which otherwise a prospective purchaser would be ignorant. All property which is the subject matter of suit under the doctrine of lis pendens is reslitigiosa and is in custodia legis.
Prior to the adoption of our registration law it applied in all cases in which title to or an interest in property was asserted and the suit itself constituted the requisite notice. Now, to be effectual, the action must be indexed and cross-indexed as required by C. S., 501. When so indexed, pending the suit, it operates in the nature of a recorded lien of which all must take notice.
The Connor Act, C. S., 3309, amended or modified the common law lispendens rule as it applies in this State. It provides a new and different method or means of giving constructive notice of deeds, mortgages and other instruments affecting title to land. Under it registration notice is a substitute for the common law lis pendens notice. The wisdom of this act has been demonstrated. At the time of its enactment ascertainment of claim to land was difficult and titles were in a state near to chaos. It brought about certainty and security in that it *Page 728 
provided one place and one place only where purchasers may look to find the status of titles to land. Davis v. Robinson, 189 N.C. 589. It is upon this record, under this act, that examiners and purchasers have come to rely.
"It is often said by the courts that lis pendens does not affect the recording or registry laws. This is true. Lis pendens does not affect the recording laws in the same sense that it does not affect other positive legislative enactments . . . But while lis pendens may not modify the recording or registry laws, the converse of the proposition is not true. The application of the recording laws in cases where the rule lis pendens
is applied modify the results of the application of that rule . . . The recording or failure to record instruments under which parties have sought to acquire interests in the subject matter of litigation, either ante litem
or post litem, becomes quite material when we come to consider how those rights or supposed rights are affected by lis pendens." Bennett, Lis Pendens, pp. 338-40; McCutchens v. Miller, 31 Miss. 83.
The effect of lis pendens and the effect of registration are in their nature the same thing. They are only different examples of instances of the operation of the rule of constructive notice. One is simply a record in one place and the other is a record in another place. Each serves its purpose in proper instances. They are each record notices.
Hence, the law of lis pendens and the statute requiring the registration of instruments affecting title to real property must be construed in parimateria. Otherwise, the one would be destructive of the other.
When so construed the rule lis pendens applies in actions to set aside deeds or other instruments for fraud, to establish a constructive or resulting trust, to require specific performance, to correct a deed for mutual mistake and in like cases where there is no record notice and where otherwise a prospective purchaser would be ignorant of the claim. That is,lis pendens notice is required when the claim is contra or in derogation of the record.
Under our registration law, C. S., 3309, the object of registration is to give notice and when an instrument is registered it is sufficient to put a careful and prudent examiner upon inquiry. The record is notice of all matters which would be discovered by reasonable inquiry. Dorman v. Goodman,213 N.C. 406, 196 S.E. 352. The date of registration controls the title as against purchasers, Sills v. Ford, 171 N.C. 733, 88 S.E. 636. The holder of the registered instrument is protected against all subsequent conveyances and no other notice is required.
A registered mortgage or deed of trust gives notice to a prudent examiner not only of the existence of the lien thus created but of the remedies accruing to the holder in the event of default, which are primarily (1) sale under the power contained in the instrument, if any; and (2) *Page 729 
sale by foreclosure proceedings. When an examiner finds a mortgage of record foreclosure of which is apparently barred the questions immediately arise: (1) has the mortgage debt been kept in date by payments; (2) has the power of sale, if any, been exercised; and (3) has the mortgagee exercised or is he exercising his right to foreclose, thus suspending the statute of limitations?
If a deed is registered a subsequent purchaser has notice. Threlkeld v.Land Co., 198 N.C. 186, 151 S.E. 99. "It is only a duly registered mortgage that will affect the subsequent purchaser with notice." Todd v.Outlaw, 79 N.C. 234.
"The law has appointed a place where mortgages must be registered in order for notice to purchasers and if there be no registry the purchaser is not held to constructive notice by any other means. The registration in such a case, it is said, is the only thing that can operate as constructive notice." Bennett, Lis Pendens, p. 340; McCutchens v. Miller, supra.
"The record of an unsatisfied mortgage is sufficient to put a third person upon inquiry, and whatever puts a person upon inquiry is in equity notice to him of all the facts which such inquiry would have disclosed.Bowles v. Chauncey, 8 Conn. 389. One who purchases premises covered by an undischarged mortgage cannot claim to be a purchaser without notice of the equities of the mortgagee . . . and inquiry of the mortgagee would have elicited the information that the mortgage was still in force as between the original parties." Collins v. Davis, 132 N.C. 106; Boxheimer v. Gunn,24 Mich. 272; Jones on Mortgages, 927.
Speaking to the subject in Jones v. Williams, 155 N.C. 179,71 S.E. 222, this Court, quoting from Bishop of Winchester v. Paine, 11 Vesey, 194-201, said "he who purchases during the pendency of the suit, is bound by the decree that may be made against the person from whom he derives the title; the litigating parties are exempted from the necessity of taking any notice of a title so acquired; as to them it is as if no such title existed, otherwise suits would be interminable, or, which would be the same in effect, it would be the pleasure of one party at what period the suit should be determined."
Here, at the time the Irvins purchased the deed of trust was on record. Upon its face it was in default. They were put on notice that the rights existing in the holder of the lien to foreclose for satisfaction of the debt had accrued. This notice would demand that a prudent examiner investigate further to ascertain whether the debt had been kept in date by payment and whether the lienholder was pursuing either of the remedies available, and it was the duty of the Irvins to be vigilant, take care of their interests and make such further investigation as the circumstances *Page 730 
demanded. This clearly required that they ascertain whether foreclosure proceedings were pending. This information was readily available either from the civil issue docket or from the trustee in the deed of trust.
Correctly interpreted, the pending action is not one affecting the title to real property as contemplated by C. S., 500. The plaintiff is merely seeking to enforce a right acquired at the time the mortgage was executed and recorded. All subsequent parties dealing with the subject matter were put on notice from registration and not from the institution of the action. The Irvins are not necessary parties to the action. When admitted as parties they could only prosecute or defend in the shoes of their grantors. The Court will not permit any new question to arise in the cause as a consequence of such a purchase. Bennett, Lis Pendens, 217.
A foreclosure sale under mortgage, whether held under the power or under an order of court, is either valid or invalid. If valid, the purchaser gets a good title which relates back to the date of the registration. As the proceeding is regular and no attack is made thereon any sale ordered by the court would be valid.
To hold otherwise to a material extent nullifies the registration law. It is but to say that registration is notice until and unless a foreclosure action is instituted. Upon such happening it then ceased to be notice and a purchaser acquires a good title as against the mortgage unless the foreclosure proceeding is properly indexed as required by C. S., 501.
To state it differently, an unregistered mortgage is good as between the parties. If the mortgage of plaintiff was unrecorded but this proceeding was duly indexed and cross-indexed on the lis pendens docket, such record would not constitute constructive notice of the mortgage and plaintiff's rights. Bennett, Lis Pendens, 340. Any other conclusion would overrule a long line of our decisions in which it has been held consistently that registration is the one and only means of giving notice of an instrument affecting title to real estate. Turner v. Glenn, ante, 620, and cases cited.
The pertinent statute of limitations is against an action to foreclose a mortgage or deed of trust. The action, once instituted within the 10-year period against all parties having any record interest in the land, suspends the running of the statute of limitations. Neither the parties to the action nor anyone claiming under them can thereafter successfully plead such statute in a bar of plaintiff's right to foreclose. It is accepted law that a payment, however small, will suspend the statute as to all subsequent purchasers. A fortiori, a solemn suit duly instituted against all record owners will have like effect.
The suit having been instituted before the bar of the statute the mortgage is still alive. Hence, it gives binding constructive notice which is completely effective against all purchasers of the land from the time of the recording. *Page 731 
It seems to be an accepted rule that a purchaser cannot acquire a greater interest than the grantor possesses. Here the grantor owned only the equity of redemption. The Irvins claim under the deed and through no other source. To establish any right they must first establish the privity of contract. At the time they received deed for the premises the foreclosure proceedings was pending. The equity of redemption was in the process of foreclosure. The statute of limitations was thereby suspended. As they claim no greater interest than that owned by the grantor they are bound by the foreclosure proceedings and cannot plead the statute of limitations, which is nonexistent in respect to this particular action, by virtue of the fact that the suit was instituted in due time.
Otherwise, a purchaser of a tax sales certificate instituting foreclosure action, to obtain protection against subsequent purchasers, must first have the action cross-indexed. This would be equally true as to a claimant undertaking to enforce a materialman's or laborer's lien. Such is not the purpose of the law. We have so held in respect to attachment proceedings. Pierce v. Mallard, 197 N.C. 679, 150 S.E. 342.
The judgment below is
Affirmed.
CLARKSON, J., dissents.