**NATIONAL TRAILER CONVOY COMPANY,**
Inc., a corporation, Plaintiff in Error,

v.

**MOUNT VERNON NATIONAL BANK &**
**TRUST COMPANY OF FAIRFAX**
**COUNTY, Defendant in Error.**

No. 41107.

Supreme Court of Oklahoma.

Oct. 11, 1966.

Rehearing Denied Nov. 8, 1966.

**890**

Gable, Gotwals, Hays, Rubin & Fox, Tulsa, for plaintiff in error.

N. E. McNeill, Jr., Tulsa, for defendant in error.

IRWIN, Justice.

The primary issue herein involved is the priority of claims arising under a conditional sales contract on a trailer coach entered into in the State of Virginia and a carrier's lien resulting from transporting said trailer from the State of Virginia to Oklahoma.

Defendant in error, Mount Vernon National Bank and Trust Company, herein referred to as plaintiff, (holder of the conditional sales contract) commenced an action in replevin against plaintiff in error, National Trailer Convoy Company, Inc., herein referred to as defendant, (holder of the carrier's lien) to recover the trailer under its conditional sales contract.

The trial court found the plaintiff's claim under its conditional sales contract was superior to the defendant's claim under its carrier's lien and rendered judgment accordingly. Defendant has appealed from the order overruling its motion for a new trial.

FACTS

On April 10, 1961, a certain described trailer coach was purchased in the State of Virginia under a conditional sales contract. On the same date the conditional sales contract was assigned to plaintiff. This conditional sales contract specifically provided that title to the trailer shall remain in the seller or its assigns; and that the trailer could not be removed from the State of Virginia without the consent of the seller or its assigns. Thereafter, the trailer was transferred to another purchaser in Virginia with the written consent and approval of plaintiff.

In April, 1963, the new purchaser contacted defendant in Virginia and requested it move the trailer to Tulsa, Oklahoma. Thereafter, defendant, who holds an interstate certificate as a common carrier, transported the trailer from Virginia to Oklahoma and was holding the same until the charge for its services was paid. The trailer was moved to Oklahoma without the knowledge and consent of plaintiff.

Default was made in payments on the conditional sales contract and plaintiff instituted this replevin action. Plaintiff acquired possession of the trailer and prior to judgment moved the trailer to Virginia. Although the trial court's judgment ordered the trailer to be sold pursuant to the laws of Oklahoma and in the State of Oklahoma, the trailer was subsequently sold in the State of Virginia after notice to defendant of such sale and defendant's appraisal of the trailer.

## CONCLUSIONS

Defendant contends that where a perfected security interest holder permits a person to retain possession of the goods and that person contracts for their transportation contrary to the terms and conditions of the security interest, a carrier's lien asserted thereon is superior to the prior perfected security interest where the carrier had no actual knowledge of the person's lack of authority to authorize the transportation charges; and that constructive notice of the public records reflecting the perfected security interest is not sufficient to give actual knowledge to the common carrier.

In considering this contention we find that plaintiff's claim is based on a conditional sales contract entered into and duly perfected in the State of Virginia; and defendant's claim is based on a carrier's lien under Title 12A O.S.1961, § 7–307, which became effective January 1, 1963. We also find the trailer was in Oklahoma less than 120 days prior to the commencement of this action and there is no argument concerning the perfection or validity of either parties' claim. In this connection see Title 12A O.S.1961, § 9–103. Therefore the basic issue presented is which of the two claims has priority.

This is a case of first impression under the new Uniform Commercial Code and defendant argues its carrier's lien has priority over plaintiff's security interest based on the provisions of Title 12A O.S.1961, § 9–310, which provides:

"When a person in the ordinary course of his business furnishes services or materials with respect to goods subject to a security interest, a lien upon goods in the possession of such person given by statute or rule of law for such materials or services takes priority over a perfected security interest unless the lien is statutory and the statute expressly provides otherwise."

It is to be noted that the above section contains a conditional provision, i. e., the lien takes priority over a perfected security interest "unless the lien is statutory and

the statute expressly provides otherwise." This directs our attention to the statutory provision creating defendant's lien, which is Title 12A O.S.1961, § 7–307. This section in pertinent part is as follows:

"(1) A carrier has a lien on the goods covered by a bill of lading for charges subsequent to the date of its receipt of the goods for storage or transportation (including demurrage and terminal charges) and for expenses necessary for preservation of the goods incident to their transportation or reasonably incurred in their sale pursuant to law. * * *.

"(2) A lien for charges and expenses under subsection (1) on goods which the carrier was required by law to receive for transportation is effective against the consignor or any person entitled to the goods unless the carrier had notice that the consignor lacked authority to subject the goods to such charges and expenses. Any other lien under subsection (1) is effective against the consignor and any person who permitted the bailor to have control or possession of the goods unless the carrier had notice that the bailor lacked such authority."

" * * * "

Under this section the carrier's lien takes priority over other liens or security interests on the same property "unless the carrier had notice that the consignor lacked authority to subject the goods to such charges and expenses" or "unless the carrier had notice that the bailor lacked such authority."

Plaintiff's security interest under its conditional sales contract was created in Virginia and defendant does not question the validity of the same. Defendant entered into the contract in Virginia to move the trailer from Virginia to Oklahoma. The parties stipulated to the pertinent Virginia laws and our attention is directed to the Virginia Code of 1950, Section 46.1–68 thru 46.1–71; 1958, c. 541. Section 46.1–71 is in pertinent part as follows:

"Such certificate of title, when issued by the Division showing a lien or encum-

brance, shall be deemed adequate notice to the Commonwealth, creditors and purchasers that a lien against the motor vehicle exists and the recording of such reservation of title, lien or encumbrance in the county or city wherein the purchaser or debtor resides or elsewhere is not necessary and shall not be required. * * * nor shall recordation of such lien in any other place for any other purpose be required or have any effect."

The Certificate of Title on this trailer clearly reflects this conditional sale in a designated sum, the date, the name and address of the lienor.

The Supreme Court of Appeals of Virginia in Chavis v. Gibbs, 198 Va. 379, 94 S.E.2d 195, considered their recordation statutes and held their main purpose is to give constructive notice to purchasers and encumbrancers who acquire or seek to acquire some interest or right in property; and the recordation of an instrument gives constructive notice of all the facts expressly stated in the instrument and of other matters therein suggested which might be disclosed upon prudent inquiry. Therein the court cited a North Carolina case [Massachusetts Bonding & Ins. Co. v. Knox, 220 N.C. 725, 18 S.E.2d 436, 138 A.L.R. 1438] and quoted the following statement therefrom with approval:

"The record of an unsatisfied mortgage is sufficient to put a third person upon inquiry, and whatever puts a person upon inquiry is in equity notice to him of all the facts which such inquiry would have disclosed."

In Orphanoudakis v. Orphanoudakis, 199 Va. 142, 98 S.E.2d 676, the Virginia Court considered "Constructive Notice" and "Implied Notice" and held that "Means of knowledge coupled with duty of using such means is equivalent to knowledge itself."

The clear language of Section 46.1–71, supra, expressly provides that the showing of a lien or encumbrance on the Certificate of Title shall be deemed adequate notice to creditors and purchasers that a lien exists against the property; and that the record-

ing of such lien in any other place or for any other purpose shall not be required or have any effect.

Without question, under the laws of Virginia, when defendant entered into the contract to transport the trailer, it was charged with adequate notice of plaintiff's security interest. However, defendant contends that under Oklahoma law, it was not charged with notice of plaintiff's security interest and relies upon Title 12A O.S.1961, § 1–201(25), which provides:

"(25) A person has 'notice' of a fact when

(a) he has actual knowledge of it; or

(b) he has received a notice or notification of it; or

(c) from all the facts and circumstances known to him at the time in question he has reason to know that it exists. A person 'knows' or has 'knowledge' of a fact when he has actual knowledge of it. 'Discover' or 'learn' or a word or phrase of similar import refers to knowledge rather than reason to know. The time and circumstances under which a notice or notification may cease to be effective are not determined by this Act."

Assuming, but not deciding, that defendant's "notice" of plaintiff's security interest is to be determined by Oklahoma law and not the law of Virginia, defendant's carrier lien is still inferior to the security interest of plaintiff. Plaintiff's security interest was already perfected in Virginia when the trailer was brought into Oklahoma and was effective in Oklahoma under Title 12A O.S.1961, § 9–103(3) when this action was commenced. Therefore, the force and effect of defendant's argument is that perfecting a security interest by proper filing does not constitute "notice" of a perfected security interest within the purview of Sec. 1–201(25), supra, to subsequent purchasers or encumbrancers.

We recognize that the Uniform Commercial Code Act repealed Title 46 O.S. 1961, §§ 57 and 58, which relate to the force and effect on subsequent purchasers and en-

cumbrancers when a security interest has been properly perfected, but Title 12A O.S. 1961, § 9–312(1) still recognizes priorities among conflicting security interests in the same collateral. If this Court would place a construction on the term "notice" as the same is employed in Sec. 1–201(25) as contended for by defendant, such construction would be tantamount to holding that a security interest properly perfected would be superior to a subsequent purchaser or encumbrancer who checked the records to determine if the property was subject to an outstanding interest; but would be inferior to a subsequent purchaser or encumbrancer who neglected or refused to check the records to determine if the property was subject to an outstanding interest.

In our opinion, when the holder of a security interest properly perfects the same, subsequent purchasers and encumbrancers are charged with "notice" of such perfected security interest.

Defendant was not required by law to receive and transport the trailer for under Title 13 O.S.1961, § 8, a common carrier is entitled to be paid in advance, and if payment is refused, the carrier may refuse to carry. In Metzger v. Columbia Terminals Co., 227 Mo.App. 135, 50 S.W.2d 680, a case factually identical to the case at bar except that a chattel mortgage was involved instead of a conditional sales contract, the same argument was asserted and the court stated:

"It has been held that the rule of caveat emptor should apply to common carriers. One of the reasons urged by respondent as to why this judgment should be upheld is that the carrier is compelled to receive the goods and carry them, and therefore his lien should be superior to that of the mortgagee. But the carrier is not bound to receive goods from a wrongdoer. Nor is a carrier bound to receive goods unless the freight or pay for the carriage is first paid to him, and such carrier may, if he so desires, secure the payment of the carriage in advance."

Since defendant had notice of plaintiff's perfected security interest and was not required by law to receive the trailer for transportation until the charge therefor was paid, we hold that plaintiff's security interest was superior to defendant's carrier lien.

Defendant argues that when plaintiff removed the trailer from the State of Oklahoma and sold it in the State of Virginia then such constituted conversion by plaintiff thereby extinguishing its claim on the trailer with respect to the defendant and such conduct constituted contempt of the trial court's order.

The amended journal entry of judgment is in pertinent part as follows:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the foreclosure of the lien of the plaintiff against the property involved herein be in accordance with and pursuant to the Statutes of the State of Oklahoma, to-wit, Title 12A O.S.A., Section 9–501, et seq., in the State of Oklahoma and that report thereof be made to this court to which order of the Court the defendant excepts and exceptions are allowed."

In regard to defendant's argument concerning contempt, we note that in a subsequent hearing it was stipulated that defendant received notice of sale and appraised the trailer in the State of Virginia prior to sale. The trial court found that to comply with its order it would have been necessary for plaintiff to have returned the trailer to Oklahoma; and despite the sale being in Virginia, defendant failed to show it was in fact damaged thereby and it did not prejudice any rights of defendant under the judgment.

Defendant submitted no argument or evidence regarding the inadequacy of the price for which the trailer was sold nor the manner in which the sale was conducted. Since the trial court, in the subsequent hearing, approved the proceedings, although contrary to the court's former judgment, if plaintiff's conduct constituted contempt of the trial court's order, then such was a

matter to be determined by the trial court and not this court. We find no error in the court's action.

To sustain its argument that removal of the trailer to the State of Virginia constituted conversion and extinguished plaintiff's security interest as against the rights of defendant, defendant cites Title 42 O.S. 1961, § 22, which provides:

"The sale of any property on which there is a lien, in satisfaction of the claim secured thereby, or, in case of personal property, its wrongful conversion by the person holding the lien, extinguishes the lien thereon."

The removal of the trailer to the State of Virginia and the sale thereof are the basis for defendant's contention that the above statutory provision is applicable in the instant proceeding. To support this contention, defendant relies upon the case of Haltom v. Nichols & Shepard Co., 64 Okl. 184, 166 P. 745. In that case, the mortgagee replevied the property and did not foreclose the mortgage, but obtained possession thereof and removed the same from the state and beyond the reach of any process of the court in which it was held subject to the attachment, and re-delivered the property to the mortgagor, which fact, in view of the proceedings in that case, prevented the defendant from obtaining any relief. In our opinion, the Haltom case is not applicable to the instant action.

Assuming that plaintiff's security interest comes within the purview of Sec. 22, supra, in this proceeding, plaintiff was entitled to the possession of the trailer under the terms of its conditional sales contract after the terms thereof had been broken and to enforce its rights under the applicable law. Plaintiff did not re-deliver the property to the individual obligated on the conditional sales contract, but after judgment sold the trailer to satisfy its security interest. Defendant was not prevented from obtaining the relief he was entitled to by the proceedings nor was he prejudiced by such proceedings. The journal entry of judgment established defend-

ant's lien against the property but decreed that such lien was junior and inferior to the security interest of plaintiff. We therefore can not sustain defendant's contention that plaintiff lost its security interest as against the rights of defendant in the case at bar.

Judgment affirmed.

HALLEY, C. J., JACKSON, V. C. J., and DAVISON, WILLIAMS, BLACKBIRD, BERRY and HODGES, JJ., concur.