2011 OK CIV APP 14

**FARM CREDIT SERVICES OF AMER-ICA, INC., a Nebraska Corporation, Plaintiff/Appellant,**

v.

**Daniel M. WILSON, an individual, and Nancy L. Wilson, an individual, Defendants/Appellees.**

No. 107471.

Court of Civil Appeals of Oklahoma, Division No. 3.

Sept. 29, 2010.

Rehearing Denied Nov. 16, 2010.

Certiorari Denied Jan. 24, 2011.

Ryan W. Hearne, Brown & Gould, P.L.L.C., Oklahoma City, OK, for Appellant.

Harvey Bush, Bramlett & Bush, Medford, OK, and J. David Ezzell, Elliott, Enabnit, Ezzell, Anderson & Shepherd, P.L.L.C., Enid, OK, for Appellees.

ROBERT DICK BELL, Vice–Chief Judge.

¶ 1 In this action for foreclosure of security interest and an order of delivery, Plaintiff/Appellant, Farm Credit Services of America, Inc., a Nebraska Corporation (Farm Credit), seeks review of the trial court's order granting summary judgment to Defendants/Appellees, Daniel M. Wilson and Nancy L. Wilson. For the reasons set forth below, we reverse and remand for further proceedings.

¶ 2 On or about March 26, 2005, Dustin R. Sherwood and Jennifer J. Sherwood purchased a 2005 John Deere 1690 Planter in Missouri, and financed the purchase through Farm Credit. The Sherwoods signed a promissory note and loan agreement, and granted Farm Credit a purchase money security interest in the Planter. Farm Credit filed its security interest with the Missouri Secretary of State on April 4, 2005. On March 2, 2007, the Sherwoods sold the Planter to Defendants for $14,000.00 plus the value of Defendants' trade-in planter. Defendants did not search the Missouri UCC records before they purchased the Planter. Defendants brought the Planter to Oklahoma.

¶ 3 Farm Credit learned about the sale, and, on March 13, 2008, filed a UCC–1 financing statement on the Planter in Oklahoma. On April 7, 2008, Farm Credit filed the instant action against the Defendants, seeking foreclosure on its security interest and replevin of the Planter. Defendants denied the allegations of Farm Credit and asserted several affirmative defenses.

¶ 4 Defendants subsequently filed a motion for summary judgment, asserting they had no knowledge of Farm Credit's security interest when they purchased the Planter from the Sherwoods. Defendants also argued that, because Farm Credit had not perfected its security interest in Oklahoma within one year of the sale, Farm Credit no longer possessed any valid claim to the Planter under 12A O.S.2001 § 1–9–316(a)(3) and (b). Farm Credit's response argued that it did not know of, or consent to, the sale of the Planter to Defendants, and that Defendants had constructive notice of its filed security interest in Missouri at the time of purchase.

Farm Credit consequently asserted superiority of its purchase money security interest over any claim of Defendants.

¶ 5 The trial court concluded that Farm Credit's security interest in the Planter expired under § 1–9–316(a)(3) and (b) when it failed to file its financing statement in Oklahoma within one year of the sale, and held Defendants were entitled to judgment as a matter of law. Farm Credit now appeals. This appeal stands submitted for accelerated appellate review on the trial court record under Rule 13, *Rules for District Courts,* 12 O.S. Supp.2002, Ch. 2, App., and Rule 1.36, *Oklahoma Supreme Court Rules,* 12 O.S. Supp.2003, Ch. 15, App. 1.

¶ 6 "Summary judgment is proper [only] when there is no dispute as to any material fact and the moving party is entitled to judgment as a matter of law." *Rox Petroleum, L.L.C. v. New Dominion, L.L.C.,* 2008 OK 13, ¶ 2, 184 P.3d 502, 504. "In reviewing a summary judgment grant an appellate court engages in a plenary, independent and non-deferential re-examination of the trial court's ruling, i.e., a *de novo* review." *Wylie v. Chesser,* 2007 OK 81, ¶ 3, 173 P.3d 64, 66. "Summary judgment will be affirmed only if the appellate court determines that there is no dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." *Lowery v. Echostar Satellite Corp.,* 2007 OK 38, ¶ 11, 160 P.3d 959, 963–64. "Summary judgment will be reversed if the appellate court determines that reasonable men might reach different conclusions from the undisputed material facts." *Id.*

¶ 7 "To perfect a security interest in collateral, a creditor . . . must file a financing statement which complies with the requirements of *12A O.S.1981 § 9–402,*" now 12A O.S. Supp.2010 §§ 1–9–502, 1–9–503, 1–9–504, 1–9–506, 1–9–507, 1–9–512, and 1–9–521. *Peoples Nat'l Bank v. Uhlenhake,* 1985 OK CIV APP 41, ¶ 13, 712 P.2d 75, 77–78. "The purpose of the filing system is 'to give notice to creditors and other interested parties that a security interest exists in property of the debtor.'" *Id.,* quoting *In re Glasco, Inc.,* 642 F.2d 793, 795 (5th Cir.1981). A properly filed and perfected security interest

constitutes constructive notice of its existence to the world. *National Trailer Convoy Co. v. Mount Vernon Nat'l Bank & Trust Co. of Fairfax County*, 1966 OK 197, ¶ 20, 420 P.2d 889, 893 ("[W]hen the holder of a security interest properly perfects the same, subsequent purchasers and encumbrancers are charged with 'notice' of such perfected security interest").

¶ 8 Furthermore, "[a] security interest continues in collateral notwithstanding its sale 'unless the secured party authorized the disposition free of the security interest.' 12A O.S.2001 § 1–9–315(a)(1)." *Arvest Bank v. SpiritBank, N.A.*, 2008 OK CIV APP 55, ¶ 38, 191 P.3d 1228, 1236. *See also* 79 C.J.S. *Secured Transactions* § 147 (Westlaw/Thomson Reuters 2010).[1] Consequently, the failure to perfect a security interest affects only the priority of the claim, not its validity: "An unperfected security interest is a security interest without priority over conflicting security interest rather than one without validity." *Morton Booth Co. v. Tiara Furniture, Inc.*, 1977 OK 45, ¶ 9, 564 P.2d 210, 213.

¶ 9 In the present case, Farm Credit properly perfected its security interest in the Planter at the time the Sherwoods purchased it. Defendants were charged with constructive notice of Farm Credit's pre-existing and superior security interest at the time they purchased the Planter from the Sherwoods. The failure of Farm Credit to refile its security interest in Oklahoma within one year of the Sherwoods' sale to the Defendants, as provided in § 1–9–316, affected *only* the priority Farm Credit may have enjoyed over other security interests, and *did not completely extinguish* Farm Credit's claim. *Morton Booth Co.*, 1977 OK 45 at ¶ 9, 564 P.2d at 213.

¶ 10 Because Defendants were charged with constructive notice of Farm Credit's outstanding and superior security interest at the time they purchased the Planter from the Sherwoods, they acquired the Planter subject to Farm Credit's security interest. Farm Credit's claim is superior to Defendants, and the trial court erred in holding otherwise. Accordingly, the order of the trial court is reversed and the cause is remanded for further proceedings.

¶ 11 REVERSED AND REMANDED.

JOPLIN, P.J., and MITCHELL, J., concur.

---

1. Section 147 states in relevant part:

    A security interest in collateral is not extinguished by a sale or transfer of collateral which is not authorized by the secured party. Thus, the security interest continues in the collateral in the hands of the purchaser or other transferee, and the buyer will be subject to the security interest even though he or she does not know of its existence at the time of his or her purchase. In other words, a subsequent purchaser is charged with notice of a properly perfected security interest, and one who does not have the status of a buyer in the ordinary course of business, is subject to the constructive notice given, by the recordation of the appropriate documents, of the paramount position of the secured party and of his or her own subordinate status. (Footnotes omitted).